887 P.2d 43

STATE of Idaho, Plaintiff–Respondent,

v.

Mike Lee BIRKLA, Defendant–Appellant.

No. 20593.

Court of Appeals of Idaho.

Dec. 15, 1994.

Randall D. Schulthies, Pocatello, for appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson argued.

## SUBSTITUTE OPINION

### THE COURT'S PRIOR OPINION DATED DECEMBER 7, 1994, IS HEREBY WITHDRAWN

PERRY, Judge.

This is an appeal from a criminal conviction and sentence for infamous crime against nature. I.C. §§ 18–6605 and 18–6606. In this appeal we are asked to decide whether certain alleged errors below warrant a new trial or other relief. For the reasons stated, we affirm the judgment of conviction and sentence.

### FACTS AND PROCEDURE

Mike Lee Birkla was charged with infamous crime against nature, stemming from events occurring July 11, 1992. Birkla alleg-

edly met two women in a Pocatello bar and returned with them to his motel room. The accounts of the victim and Birkla varied substantially regarding what took place once the three entered the room. According to the victim's testimony, Birkla assaulted her and forced her to perform fellatio on him.

Birkla's first trial ended in a mistrial when a juror revealed, after the trial was underway, that he had previously pled guilty to a charge of sexual abuse. Prior to the second trial, Birkla sought to have statements he made to police suppressed because he had not been given Miranda warnings. The district court denied the motion, ruling that Birkla had not been in custody and therefore Miranda warnings were not required. The district court, over Birkla's objection, also admitted into evidence enlarged photographs of the victim taken immediately following the crime. The jury returned a guilty verdict on the charge of infamous crime against nature, but acquitted Birkla of the remaining battery charges. A judgment of conviction was entered and Birkla was sentenced to five years' incarceration with a minimum period of confinement of two years. Birkla now appeals his conviction, claiming that the district court erred in denying his suppression motion and in admitting the enlarged photographs. Birkla further claims that prejudicial and inflammatory statements made by the prosecutor during closing arguments deprived him of a fair trial. Finally, Birkla appeals the sentence imposed by the district court as unduly harsh and an abuse of discretion.

## ANALYSIS

### A. ADMISSION OF THE ENLARGED PHOTOGRAPHS

Birkla first challenges the admission of several enlarged photographs of the victim taken immediately following the events in question. Birkla conceded at oral argument that the photographs were relevant, but claims they were unduly prejudicial and inflammatory because of their size. At trial, Birkla sought to have the enlargements excluded under I.R.E. 403.[1] Idaho Rule of Evidence 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct.App.1989).

The photographs in question are five 8 by 10-inch enlargements showing the victim's face, mouth and arms. The district court, in denying Birkla's motion, ruled that:

Now, then the question comes as to the probative value which the relevance indicates it has, as to whether or not it's outweighed by any prejudicial value. And of course I have reviewed the photographs earlier before trial in the nonenlarged situation, I see them now, and my position is still the same, I do not believe that they are of a nature that they would be under the circumstances of this case inflammatory or prejudicial. I think they are relevant for the jury's consideration in light of the testimony given here today.

We agree with the district court's analysis. Given the conceded relevance of the photographs themselves, we do not accept Birkla's argument that the enlargement itself creates prejudice or would tend to inflame the jury. The photographs are not particularly gruesome, nor do the enlargements show greater amounts of detail than were visible in the originals. The moderate increase in size alone does nothing to turn these otherwise admissible photographs into prejudicial, inflammatory exhibits. Therefore, we find no abuse of discretion in the district court's admission of the photographs.

### B. SUPPRESSION OF STATEMENTS MADE TO POLICE

Birkla alleges that the district court erred by refusing to suppress statements he made to the police that were taken without

---

1. We would note that counsel on appeal was not     trial counsel for either of Birkla's jury trials.

proper Miranda warnings. This evidence took the form of both a tape-recorded statement of Birkla and the testimony of Detective Shaw who interviewed Birkla. The district court denied the motion because it determined that Birkla was not in custody at the time the statements were made and, therefore, no Miranda warnings were required.

■ We first note that our standard when reviewing a lower court's ruling on a suppression motion is bifurcated. Although we accept the trial court's findings of fact where supported by substantial and competent evidence, we freely review the application of constitutional principles to the facts as found. *State v. Shepherd,* 118 Idaho 121, 122, 795 P.2d 15, 16 (Ct.App.1990).

This Court, in *State v. Medrano,* 123 Idaho 114, 844 P.2d 1364 (Ct.App.1992), set forth the analysis to be used when determining whether a given defendant is in custody:

> *Miranda* warnings are triggered by custodial interrogation. *See State v. Ybarra,* 102 Idaho 573, 576, 634 P.2d 435, 438 (1981). The United States Supreme Court equated custody with a person being "deprived of his freedom by the authorities in any significant way." *Miranda [v. Arizona],* 384 U.S. [436] at 478, 86 S.Ct. [1602] at 1629 [16 L.Ed.2d 694 (1966) ]. This test has been redefined to mean when a person's freedom of action is "curtailed to a 'degree associated with formal arrest.' " *State v. Myers,* 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct.App.1990) (citing *Berkemer v. McCarty,* 468 U.S. 420, 440, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984)). The Court, in *Oregon v. Mathiason,* 429 U.S. 492, 495, 97 S.Ct. 711, 713, 50 L.Ed.2d 714 (1977) . . . instructed that the "test is an objective one based on the surrounding circumstances." To determine if a suspect is in custody, this Court, subsequent to *Mathiason,* adopted the Supreme Court's test that "the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Myers,* 118 Idaho at 611, 798 P.2d at 456 (quoting *Berkemer,* 468 U.S. at 442, 104 S.Ct. at 3151). . . . We must review the "totality of all the circumstances" that are

presented in the record. *See Ybarra,* 102 Idaho at 578, 634 P.2d at 440 (citing *United States v. Mendenhall,* 446 U.S. 544, 553, 100 S.Ct. 1870, 1876, 64 L.Ed.2d 497 (1980)); *see also* WILLIAM E. RINGEL, SEARCHES & SEIZURES ARRESTS AND CONFESSIONS §§ 27.3(a)–(c) (circumstances to be considered when determining whether a defendant is in custody are: location of interrogation, conduct of the officers, nature and manner of the questioning, time of interrogation, and other persons present).

*Id.* at 117–18, 844 P.2d 1364.

■ The district court did not make explicit findings of fact when denying Birkla's suppression motion but concluded that "the statements attributed to the defendant by officer Shaw were non-custodial and therefore the Miranda requirements did not apply." The failure to make explicit findings of fact, however, is not fatal to the determination of a suppression motion. Instead, we should "examine the record to determine the 'implicit' findings which underlie the judge's order." *State v. Middleton,* 114 Idaho 377, 380, 757 P.2d 240, 243 (Ct.App.1988).

To properly ascertain the implicit findings, we look at the evidence made available to the district court. Before deciding the motion to suppress, the district court heard testimony of two of the officers involved in the investigation of Birkla. The district court had also heard testimony, during the first trial, from Birkla himself and from the detective who questioned him regarding the investigation.

These witnesses provided the district court with information indicating that after an initial investigation at the motel, Birkla was asked to accompany an officer to the police station to answer questions concerning the allegations made by the victim. Although Birkla rode in the rear of the police car to the station, he was not handcuffed or placed in any restraints. Once at the station Birkla was questioned in an interview room by a single detective. The officer who placed Birkla in the room stated that the door was not locked, though Birkla claims the door was locked and that he was told he was not allowed to use the restroom, smoke or get a

drink while in the room. The detective who actually questioned Birkla stated that he told Birkla he was not under arrest and was free to leave. He stated that Birkla voluntarily discussed the matter with the detective in order to "clear it up." The detective also stated that on several occasions Birkla was about to leave but returned to further clarify his statements.

During questioning, Birkla voluntarily agreed to submit to a medical examination and was driven to a hospital in the front seat of a patrol car. Although hospital personnel noted that Birkla was returned to "protective custody," there is nothing in the record indicating the basis upon which hospital personnel reached the conclusion that Birkla was in custody. The officer transporting Birkla to the hospital testified that he would have been required to check with his supervisors if Birkla had asked to be returned to the motel. The officer further stated, however, that he would have been required to check only as a matter of procedure to make sure his supervisors hadn't decided to arrest Birkla. The evidence indicated that the questioning and the medical exam took place between approximately 2:00 a.m. and 7:30 a.m. Birkla was not placed in custody and was driven back to his motel by the police.

█ The fact that questioning takes place in a police station does not necessarily mean that a party is in custody. *Oregon v. Mathiason*, 429 U.S. 492, 494, 97 S.Ct. 711, 713, 50 L.Ed.2d 714 (1977). Nor does the fact that the officer transporting Birkla would have had to check with his superiors before returning him to the motel conclusively establish that Birkla was in custody. It is clear from the record that the district court chose to believe the testimony of the officers involved over that of Birkla. It is also clear that the district court examined the totality of the circumstances and concluded that the conduct involved in Birkla's questioning did not amount to custody requiring Miranda warnings. The facts implicitly found by the trial court, as testified to by the officers, are supported by substantial and competent evidence. On these facts, we conclude that the applicable constitutional principles were correctly applied in this case. Accordingly, we affirm the district court's denial of Birkla's suppression motion.

█ In relation to the tape recording, Birkla argues on appeal that the tape should not have been admitted because it contained only a portion of the conversation. In the district court, however, Birkla did not raise or argue the issue. Birkla's counsel, in passing, noted that:

> Well, Your Honor, I don't know for sure where to go in terms of argument. I think I am concerned about the transcript only being partial, but I am also more concerned about the Miranda problems that we have in terms of him not being advised of his constitutional rights at this particular time or even earlier ...

The claimed inadmissibility of the tapes and transcript because they contained only part of the interview was never mentioned again, either by counsel for Birkla or the district court. Birkla's argument centered on the Miranda issues and counsel's side comment regarding the partial nature of the transcripts does not qualify as an objection or argument before the district court. We deem that the issue was not properly raised in the district court and, therefore, is not proper for consideration on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

## C. PROSECUTOR'S STATEMENTS IN CLOSING ARGUMENTS

█ Birkla claims that certain statements made by the prosecutor during closing arguments were impermissible comments on the evidence and deprived him of a fair trial. In closing argument, the prosecutor made the following observations:

> Let's consider for a moment crime against nature. What defenses could there be to such a crime? Well, let's try to consider some legitimate defenses....
>
> Now let's take a moment and consider bogus defenses to crimes against nature, and what might they be? I was drunk. Is that a defense to DUI? How about she asked for it? Is that what we are dealing with here? She asked to have her tonsils bruised? Or how about the defense of I

was angry with someone else and I took it out on her, didn't mean it?

. . . . ..

Defendant stated on the tape he shouldn't have been driving, he knew that, because of the amount of alcohol he consumed. Apparently the defense would want you to condemn both [the victim] and [the victim's friend] for having more sense. Really, who cares where the cars were parked?

Detective Shaw told us that the defendant came up with four different accounts of what happened. And remember this interview with the defendant took place within an hour of the offense....

. . . . .

Now, according to the tape that you just heard yesterday you heard that after Detective Shaw had discussed with Mike Birkla [the victim's] version of what had taken place in the motel, the defendant made certain comments, statements. You will recall he made such comments as "she is probably right, I am not saying she is not right. Anything is possible." And remember this is just a few hours after being in the motel room. He goes on to say "I am not saying I didn't do it, I don't remember." I thought that sounded like a bogus defense. I am trying to fill in the gaps....

Following the above comments, counsel for Birkla interrupted the prosecutor's closing argument:

Your Honor, I have a concern I would like to bring up to the court.

The district court then held a brief conference with the attorneys off the record. Following the conference, there was no formal objection made by defense counsel and no ruling by the district court. The prosecutor continued with closing arguments, eventually concluding by stating that:

As defense counsel indicated, there was a contested preliminary hearing, testimony before you, there had been a trip to the hospital, interviews with police officers. For what? If this were made up, who would make up these facts? If [the victim] wanted to accuse Mike Birkla of doing

something that is not true, why not make it something a little more comfortable to testify about? Ladies and gentlemen, these facts are simply too gross to be untrue. We ask you find the defendant, Mike Birkla, guilty of crime against nature.

■ Birkla claims the statements by the prosecutor were unfair commentary on the evidence and inflammatory. The state argues that because there was no proper objection to the comments, they can only warrant relief if they constitute fundamental error. When applying the fundamental error standard to prosecutorial argument, the error is only fundamental if the comments are so "egregious or inflammatory that any prejudice arising therefrom could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded." *State v. Ames*, 109 Idaho 373, 376, 707 P.2d 484, 487 (Ct.App.1985).

Assuming, without deciding, that Birkla properly preserved the issue for appeal, we conclude that the comments were not improper. As this Court has previously stated:

The role of the public prosecutor is to present the government's case earnestly and vigorously, using every legitimate means to bring about a conviction, but also to see that justice is done and that every criminal defendant is accorded a fair trial. Although we have recognized the imposition of certain well-accepted restrictions beyond which the prosecutor's argument may not go without running afoul of its function, the propriety of a given argument will depend largely on the facts of each case.... Thus, the prosecutor may discuss the evidence, pointing out discrepancies and conflicts in the testimony, and argue that the evidence in the record supports and justifies a conviction.

*State v. Reynolds*, 120 Idaho 445, 449–50, 816 P.2d 1002, 1006–07 (Ct.App.1991) (citations and footnotes omitted). The comments made by the prosecutor fall well within the boundaries of permissible argument. Although it might have been better to frame the comments regarding Birkla's defense in less personal terms, we cannot say the closing argu-

ment amounted to error. Based on the facts of this case, we conclude that no error was committed by the prosecutor in the closing arguments and the district court did not err by failing to act on counsel's "concerns."

## D. REVIEW OF SENTENCE

▮▮▮▮ Birkla's final issue on appeal challenges the sentence imposed by the district court as an abuse of discretion. Birkla was sentenced to a five-year indeterminate term of incarceration with a two-year minimum period of confinement. Idaho Code § 18–6605 requires that a defendant be sentenced to at least five years for infamous crime against nature. *See State v. Hayes,* 121 Idaho 232, 824 P.2d 163 (Ct.App.1992). We treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, our review of Birkla's sentence will focus on the two-year term.

Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

Although Birkla's prior criminal record consists of only a few convictions for minor crimes and traffic offenses, the crime in this case consisted of a violent, forced sexual act. Our review of the record indicates no abuse of discretion by the district court in arriving at the two-year term. Therefore, we affirm the sentence imposed.

### CONCLUSION

The district court did not err by admitting the enlarged photographs of the victim or the taped interview of Birkla. For the purposes of a Miranda inquiry, Birkla was not in custody and his statements should not have been excluded because the police failed to give proper *Miranda* warnings. The prosecutor's statements made during closing argument were not improper, and the district court did

not abuse its discretion in sentencing Birkla to a five-year indeterminate term with a two-year minimum period of confinement. Thus, the judgment of conviction and sentence are affirmed.

WALTERS, C.J., and LANSING, J., concur.