**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36435**

| | |
|---|---|
| STATE OF IDAHO, )<br>)<br>Plaintiff-Respondent, )<br>)<br>v. )<br>)<br>JOURDARRYL KARRIE HORTON, )<br>)<br>Defendant-Appellant. )<br>) | 2010 Opinion No. 68<br><br>Filed: October 25, 2010<br><br>Stephen W. Kenyon, Clerk |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

_____

SCHWARTZMAN, Judge Pro Tem

Jourdarryl Karrie Horton appeals from the district court's denial of his motion to suppress. We affirm.

**I.**

**FACTS AND PROCEDURE**

On the afternoon of June 7, 2008, a police officer observed a vehicle, later determined to be driven by Horton, drive past him. The vehicle had no front license plate. The officer turned and followed the vehicle and ran a registration check on the rear license, an Idaho plate reading "RPO 393." The return included over ten "screens" of information, where the normal return included three to four screens. The return also included various other license plate numbers, no vehicle description and a registered owner, "Tactical Recovery." The officer pulled the vehicle over before reading all of the screens.

1

Horton told the officer that he had repossessed the vehicle on behalf of his employer, Tactical Recovery. The officer then ran a check on Horton's driver's license and discovered an outstanding arrest warrant. The officer arrested Horton, placed him in the back seat of the police vehicle, and searched the vehicle, which resulted in the discovery of marijuana, methamphetamine, and drug paraphernalia. Horton was charged with possession of marijuana with the intent to deliver, possession of drug paraphernalia, and, in a separate case, possession of methamphetamine.

Horton moved to suppress the drug evidence, asserting that the vehicle was stopped without the requisite reasonable suspicion of a traffic offense. He contended that he was driving lawfully because under the applicable Idaho statute a license plate assigned to a repossession agent is to be attached only to the rear of a vehicle. The state responded that the motion should be denied because the officer had made a reasonable mistake in stopping the vehicle and, alternatively, that if the seizure was initially illegal, it was "attenuated" by the subsequently discovered warrant for Horton's arrest. *See State v. Page*, 140 Idaho 841, 846-47, 103 P.3d 454, 459-60 (2004).

After considering the testimony of the arresting officer and an Idaho Transportation Department employee, the district court denied the motion. The court concluded, in essence, that the officer had made a reasonable mistake of fact in that at the time he stopped the vehicle he did not know that the Idaho license plate was one assigned to a repossession agent. More specifically, the court found that the officer reasonably did not know that it was the Department's unwritten practice to use the designation "RPO" when assigning Idaho license plates to a repossession agent, that the Department issues relatively few repossession plates and the officer had never seen one before, and that the officer did not know that Tactical Recovery was a repossession agent. Horton entered a conditional guilty plea to possession of marijuana with intent to deliver reserving the right to appeal from the denial of his suppression motion, and the remaining charges were dismissed pursuant to a plea agreement.

## II.

## ANALYSIS

Horton contends that the stop of his vehicle was made without the requisite reasonable suspicion of a traffic offense and that the district court erred in concluding that the officer's mistake in doing so was reasonable. We begin with the applicable review and legal standards.

2

The stop of a vehicle constitutes a "seizure" of the occupants that implicates the Fourth Amendment guarantee against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). Therefore, in order for such a stop to be lawful, it must be based upon an officer's reasonable suspicion that the vehicle is being driven contrary to traffic laws or that other criminal activity is afoot. *United State v. Cortez*, 449 U.S. 411, 417 (1981); *In re Driver's License Suspension of Deen*, 131 Idaho 435, 436, 958 P.2d 592, 593 (1998). Reasonable suspicion requires less than probable cause but more than speculation or instinct on the part of the officer. *State v. Van Dorne*, 139 Idaho 961, 963, 88 P.3d 780, 782 (Ct. App. 2004). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances--the information known to the officer at the time of the stop must yield a particularized and objective basis for the officer's suspicion. *Id.* It is the state's burden to demonstrate reasonable suspicion for a stop. *Id.*

Determinations of reasonable suspicion and probable cause are reviewed *de novo* on appeal. *State v. Munoz*, 149 Idaho 121, 127, 233 P.3d 52, 58 (2010). In conducting that review the appellate court "should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Id.* In Fourth Amendment applications, the reasonableness of police conduct is judged against an objective standard. *State v. Weaver*, 127 Idaho 288, 291, 900 P.2d 196, 199 (1995). We examine whether "the facts available to the officer at the moment of the seizure . . . [would] 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). *See also Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990). This standard allows room for some mistakes on the part of police officers, so long as the mistakes are those of reasonable persons. *Brinegar v. United States*, 338 U.S. 160, 176 (1949). *See also State v. Buhler*, 137 Idaho 685, 688, 52 P.3d 329, 332 (Ct. App. 2002); *State v. McCarthy*, 133 Idaho 119, 124, 982 P.2d 954, 959 (Ct. App. 1999); *State v. Hawkins*, 131 Idaho 396, 401, 958 P.2d 22, 27 (Ct. App. 1998). "[I]n order to satisfy the 'reasonableness' requirement of the Fourth Amendment, what is generally demanded of the many factual determinations that must regularly be made by agents of the government . . . is not that they always be correct, but that they always be reasonable." *Rodriguez*, 497 U.S. at 185. Subjective good faith on the part of the officer is not enough. As the United States Supreme Court has explained, "If subjective good faith alone were the test, the protections of the Fourth Amendment

3

would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police." *Terry*, 392 U.S. at 22. The mistake must be one that would be made by a reasonable person acting on the facts known to the officer. *Rodriguez*, 497 U.S. at 186; *Hawkins,* 131 Idaho at 401, 958 P.2d at 27. In sum, a traffic stop will not violate the Fourth Amendment if the officer reasonably suspects a violation of traffic laws even if later investigation dispels the suspicion.

Here, Idaho Code § 49-428 provides, in pertinent part:

(1) License plates assigned to a motor vehicle shall be attached, one (1) in the front and the other in the rear, with the exception of the following:
        (a) . . . the license plate assigned to a motor vehicle operated by a manufacturer, *repossession agent* or dealer shall be attached to the rear.

(Emphasis added.) The Idaho Legislature has not, by statute, set forth the lettering designation assigned to Idaho license plates issued to a manufacturer, repossession agent or dealer. Instead, it has authorized the Idaho Transportation Department to adopt administrative rules to this effect. I.C. § 49-201; IDAPA 39.02.60.000; IDAPA 39.02.60.011. In accord, the Department has adopted administrative rules establishing the lettering designation of manufacturer ("MFR") and dealer ("DLR") plates, *see* IDAPA 39.02.60.150, but it has failed to do so with regard to repossession agent plates. Instead, as testified to by a Department senior special agent at the suppression hearing, the repossession plate program is "kind of an anomaly" in that the Department has followed an unwritten practice of assigning the lettering designation "RPO" for the limited number, approximately ninety-five, of Idaho repossession agent plates issued statewide. The witness also stated the repossession plate program is designed solely for a financial institution to recover a motor vehicle in which it has a security interest and that the repossession agent is authorized to move the vehicle from the place of repossession to the financial institution's place of business on a repossession plate. *See* I.C. § 49-402(7).

The police officer that made the stop testified that although he was aware that Idaho repossession plates existed, he had never seen one and was unaware, until after the fact, that the designation "RPO" was used for these plates. The officer also said that he did not know until speaking to Horton at the time of the stop that "Tactical Recovery" was a repossession agent.

The parties, in essence, disagree whether the officer's mistake here was one of fact or law, and the line between the two is not always easy to draw. For instance, in *McCarthy*, 133 Idaho at 124-25, 982 P.2d at 959-60, an officer stopped a vehicle for speeding but was mistaken

4

concerning the location of a sign where the speed limit decreased from 35 mph to 25 mph. The state asserted that the mistake was one of fact (the sign's location) and we cited United States Supreme Court precedent to the effect that a mistake of fact will sometimes operate to forgive or validate a Fourth Amendment violation. However, we did not blindly accept the state's characterization of the officer's mistake as one of fact as the applicable speed limit is certainly a question of law. We noted a split of authority from other jurisdictions as to whether a mistake of law can ever be held to be reasonable and further noted that the issue in Idaho was undecided. *See*, *e.g.*, *United States v. King*, 244 F.3d 736, 737-41 (9th Cir. 2001) (officer's mistake of law, although reasonable, cannot form basis for reasonable suspicion to initiate traffic stop); *United States v. Twilley*, 222 F.3d 1092, 1096 n.1 (9th Cir. 2000) (officer's correct understanding of the law, together with a good-faith error regarding the facts, can establish reasonable suspicion) (also citing *McCarthy*, *supra*); *compare People v. Glick*, 250 Cal. Rptr. 315, 318 (Cal. Ct. App. 1988) (mistake of fact and law treated the same) with *People v. White*, 132 Cal. Rptr. 2d 371, 376-77 (Cal. Ct. App. 2003) (distinguishing and disagreeing with *Glick* rationale). *See also State v. Young*, 144 Idaho 646, 649 n.1, 167 P.3d 783, 786 n.1 (Ct. App. 2006); *State v. Schmadeka*, 136 Idaho 595, 599 n.3, 38 P.3d 633, 637 n.3 (Ct. App. 2001). Ultimately, in *McCarthy* we held that the two types of mistakes were "inextricably connected," but found it unnecessary to decide whether a mistake of law is unreasonable per se because, were that the correct characterization of the mistake, we concluded that the officer's mistake was not objectively reasonable. *McCarthy*, 133 Idaho at 125, 982 P.2d at 960.

Here, the officer did not know that the lettering designation "RPO" was used for an Idaho repossession plate. While the officer had heard of repossession dealer plates, he had never seen one and was unable to distinguish or identify its designation. His mistake was not the law generally regarding a repossession agent plate or its legal existence, but whether, in fact, the plate on this vehicle was a designated repossession plate. Because this designation had not been codified by statute or ITD administrative rule, we conclude that the mistake at issue was primarily one of fact, not one of law.

When we review an order granting or denying a motion to suppress, we accept the trial court's factual findings, unless they are clearly erroneous. *Munoz*, 149 Idaho at 128, 233 P.3d at 59. Findings of fact are not clearly erroneous if they are supported by substantial and competent evidence. Decisions regarding the credibility of witnesses, weight to be given to conflicting

5

evidence, and factual inferences to be drawn are also within the discretion of the trial court. *Id*. Here, the district court found credible the testimony of the officer and concluded that the officer's mistake of fact was reasonable. On appeal, Horton does little to challenge the district court's resolution of the issue other than to suggest that the officer's mistake was not reasonable because the officer did not review all ten of the screens of information returned on the registration check before he pulled the vehicle over. Because the content of this return was not introduced at the hearing, his position is reduced to a hypothetical, i.e., that somewhere in this return the identity of the license plate as a repossession plate would be revealed. This Court will not find error on the possible content of evidence not submitted to the trial court. We uphold the district court's determination that the officer's mistake of fact was objectively reasonable and that suppression of the evidence was not warranted in this circumstance.

Horton also argues that the search of his vehicle incident to his arrest was illegal under the standards recently announced by the United States Supreme Court in *Arizona v. Gant*, 556 U.S. ____, 129 S. Ct. 1710 (2009). In *State v. Frederick*, 149 Idaho 509, 512-13, 236 P.3d 1269, 1272-73 (2010), our state Supreme Court made clear that the defendant in that case could permissibly challenge, under the new *Gant* standards, the legality of the search of his vehicle incident to his arrest on appeal because he preserved the issue by raising it in the trial court below. Here, in contrast, Horton did not assert to the district court that the search of his vehicle was illegal. Instead, he contended *only* that the stop of his vehicle was illegal and that the evidence discovered as a result thereof should be suppressed. Thus, Horton is attempting to raise an issue for the first time on appeal. This Court will not consider issues not raised in the court below. *State v. Wheaton*, 121 Idaho 404, 406-07, 825 P.2d 501, 503-04 (1992).

Our disposition renders it unnecessary to address any further matters asserted by the parties. Accordingly, the district court's order denying the motion to suppress is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**

6