IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39271

| MICHAEL ALAN McCALL, | ) | 2012 Unpublished Opinion No. 564 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 25, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge.

Order dismissing petition for post-conviction relief, affirmed.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Michael Alan McCall appeals from the order dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2007, McCall drove to his landlord's house located on the 600 block of a street. After McCall departed that house, he was pulled over by an officer for allegedly failing to signal when leaving the 500 block of that street from a parked position. I.C. § 49-808. The officer called for assistance from a second officer. When the second officer arrived, he walked his drug dog around McCall's vehicle. After the dog indicated that she detected an odor of controlled substances, the second officer searched McCall's vehicle.

McCall was charged with two counts of possession of a controlled substance with intent to deliver. A public defender was appointed to represent McCall; however, McCall later retained private counsel. The information was amended to include a persistent violator enhancement.

1

McCall's retained counsel was permitted to withdraw and a public defender was reappointed. A jury found McCall guilty of one count of possession of a controlled substance with intent to deliver and not guilty of the other count. The jury also found McCall to be a persistent violator. The district court sentenced McCall to a unified term of life imprisonment, with a minimum period of confinement of ten years. McCall appealed. In an unpublished opinion, this Court affirmed McCall's judgment of conviction and sentence. *State v. McCall*, Docket No. 36538 (Ct. App. Dec. 16, 2009).

McCall filed a petition for post-conviction relief along with an affidavit, a supplemental affidavit, and memorandum in support of his petition. McCall alleged that the officer violated McCall's Fourth Amendment rights by making the initial traffic stop and that his counsel was ineffective for failing to file a motion to suppress evidence. McCall also asserted several other claims. The district court entered a notice of intent to dismiss McCall's petition except as to the claim that McCall's counsel was ineffective. McCall filed a response to the notice of intent to dismiss together with an affidavit of his landlord. The district court entered an order partially dismissing McCall's petition and scheduled an evidentiary hearing on McCall's claim regarding ineffective assistance of counsel. After the hearing, the district court entered an order dismissing McCall's petition. McCall appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State,* 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State,* 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State,* 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). A petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included with

the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988).

### III.

### ANALYSIS

Central to McCall's argument is his claim that he signaled and pulled away from the curb in front of his landlord's house in the 600 block and did not stop again until he was pulled over by the police in the 500 block. He so testified at the evidentiary hearing. This testimony was inconsistent with his affidavit filed in support of his petition in which he averred that he signaled before he pulled away from the curb in the 500 block. McCall's landlord testified that he observed McCall signal and pull away from the curb in the 600 block, but that he did not see whether McCall stopped in the 500 block before he was pulled over by the officers. The officer who stopped McCall testified that McCall pulled away from the curb in the 500 block without signaling.

McCall argues that the district court erred by rejecting his claim of ineffective assistance of counsel for failing to file a motion to suppress and, therefore, dismissing his petition for post-conviction relief. In the district court's memorandum in support of its order dismissing McCall's petition, the district court summarized the testimony presented at the evidentiary hearing on McCall's claim. The district court then addressed whether McCall's counsel was ineffective for failing to file a motion to suppress. The district court explained that, pursuant to *Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996), in a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. The district court also explained that, pursuant to *Wolf*, 152 Idaho at 67-68, 266 P.3d at 1172-73 where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. Therefore, the district court concluded that, to prevail on his petition, McCall would have to prove by a preponderance of the evidence that if the motion to suppress had been pursued, it would have been granted.

The district court then explained:

> The Fourth Amendment safeguards citizens against unreasonable searches and seizures. A traffic stop is considered a seizure, and triggers the Fourth Amendment's constitutional protections requiring that such seizure be reasonable. "When the purpose of the detention is to investigate a possible traffic offense or other crime, it must be based upon reasonable, articulable suspicion of criminal activity." *State v. Gutierrez,* 137 Idaho 647, 650, 51 P.3d 461 (Ct. App. 2002). "An investigative stop must be justified by a reasonable suspicion, derived from specific articulable facts, that the detained person has committed or is about to commit a crime." *State v. Brumfield,* 136 Idaho 913, 915, 42 P.3d 706 (Ct. App. 2002); *Florida v. Royer,* 460 U.S. 491, 498 (1983). "Reasonable suspicion requires less than probable cause but more than speculation or instinct on the part of the officer." *State v. McCarthy,* 133 Idaho 119, 124, 982 P.2d 954 (Ct. App. 1999). An officer is allowed to draw reasonable inferences from the known facts and based on the officer's experience and training. *State v. Roe,* 140 Idaho 176, 180, 90 P.3d 926 (Ct. App. 2004). The Court must determine from the totality of the circumstances whether reasonable suspicion existed at the time of the stop. *McCarthy,* 133 Idaho at 124. An "officer's factual mistake regarding the circumstances that he believes justify a warrantless search or seizure does not ipso facto render the search or seizure unlawful." *Id.* [McCall] argues that his counsel should have filed a motion to suppress on the basis that he did not commit the traffic infraction testified to by [the officer] . . . .

4

I.C. § 49-808 requires a driver to signal when moving right or left or leaving a parked position. "[A] traffic stop will not violate the Fourth Amendment if the officer reasonably suspects a violation of traffic laws even if later investigation dispels the suspicion." *State v. Horton,* 150 Idaho 300, 246 P.3d 673, 675-76 (Ct. App. 2010). Therefore, even if the officer was mistaken, his belief that McCall violated a traffic law provided reasonable suspicion for the stop.

. . . .

[McCall] alleges that trial counsel was ineffective in that counsel should have filed a motion to suppress on the basis that [McCall] did not commit the traffic violation that was the basis of the stop. Not only has [McCall] not provided any evidence that a motion to suppress would have been granted, he has also not presented any evidence that there were any suppressible issues. The crux of [McCall's] argument is that when he pulled away from the residence of [his landlord] in the 600 block that he used his turn signal and the landlord also testified that [McCall] used his turn signal. After [McCall] left the landlord did not observe [McCall] further since he returned to his home. [McCall's landlord] does not know if [McCall] made any other stops. [McCall] testified that he made no other stops, however, [McCall] testified in his affidavit that at the time of the traffic stop he was pulling away from the curb in the 500 block which is consistent with what [the officer] observed.

Indeed, in McCall's affidavit filed in support of his petition, McCall asserted that, at the time of the alleged traffic violation, he was pulling away from the curb in the 500 block. At McCall's evidentiary hearing, the officer testified that he initiated a traffic stop of McCall's vehicle because he observed McCall pull away from the curb of the 500 block without signaling. The district court additionally explained that McCall's counsel considered the viability of a suppression motion and determined that such motion would not be viable.

In concluding that McCall's claim of ineffective assistance of counsel for failure to file a motion to suppress failed, the district court determined that McCall had not provided any evidence that the officer or attorneys testified falsely and had not provided evidence of any suppressible issues. The district court also determined that McCall had not demonstrated that his Fourth Amendment rights were violated by the traffic stop because the officer's testimony that he believed McCall violated a traffic law provided reasonable suspicion for the stop. Thus, the district court concluded that McCall had not met his burden to show by a preponderance of the evidence that a motion to suppress would have been granted and, therefore, had not demonstrated that his counsel was ineffective for failing to file such motion. Thereafter, the district court entered an order dismissing McCall's petition.

5

On appeal, McCall argues that, contrary to the district court's determination, by his own testimony and that of his landlord at the evidentiary hearing, McCall provided evidence that there was a suppressible issue related to the traffic stop by the officer. McCall further argues that the district court failed to determine if the traffic violation for which the officer pulled him over actually occurred and, if it did not, whether the officer's mistaken belief that the violation actually occurred was objectively reasonable as required by *State v. Horton*, 150 Idaho 300, 302-03, 246 P.3d 673, 675-76 (Ct. App. 2010) and *State v. Kimball*, 141 Idaho 489, 492-93, 111 P.3d 625, 628-29 (Ct. App. 2005). He asserts that the district court made a mistake of law and failed to determine whether there was valid reasonable suspicion for the traffic stop. Thus, McCall asserts, his case must be remanded to the district court for factual determinations with reference to the correct law. The state asserts that McCall has failed to show error by the district court because the record establishes that the district court found that McCall's evidence of signaling while pulling into traffic on the 600 block was irrelevant to a suppression motion challenging the officer's decision to stop McCall for a traffic violation on the 500 block.

The district court did not explicitly make a finding of fact that McCall's evidence of signaling while pulling into traffic on the 600 block was irrelevant to the suppression motion. However, the failure to make explicit findings of fact is not fatal. *State v. Birkla*, 126 Idaho 498, 501, 887 P.2d 43, 46 (Ct. App. 1994). Instead, we examine the record to determine the implicit findings which underlie the district court's order. *Id.* This Court gives due deference to any implicit findings of the district court supported by substantial evidence. *State v. Brauch*, 133 Idaho 215, 218, 984 P.2d 703, 706 (1999).

As described above in the district court's memorandum decision, the district court concluded that McCall had not provided any evidence that a motion to suppress would have been granted and had not presented any evidence that there were any suppressible issues. Specifically, the district court determined that McCall's argument hinged on evidence he presented, by way of his testimony and that of his landlord at the evidentiary hearing, that he used his turn signal when pulling away from his landlord's house on the 600 block. The district court explained that the landlord testified he did not observe McCall after he left the 600 block and did not know if McCall made other stops. The district court also explained that, while McCall testified that he made no other stops after leaving the 600 block, McCall averred in his affidavit filed in support of his petition that he was pulling away from the 500 block at the time of the traffic stop. The

district court determined that McCall's assertion in his affidavit was consistent with the testimony of the officer at the evidentiary hearing and found that McCall had not presented any evidence to show the officer testified falsely.

We conclude that the district court implicitly found that the officer's testimony was credible and, therefore, McCall was pulled over by the officer for failing to use his signal when pulling away from the 500 block, not the 600 block. This implicit finding is supported by substantial evidence. Accordingly, McCall's evidence of signaling while pulling into traffic on the 600 block was irrelevant to a suppression motion challenging the officer's decision to stop McCall for a traffic violation on the 500 block. We also conclude that, by determining McCall provided no evidence that the officer testified falsely, the district court implicitly found that the officer's testimony that McCall failed to use his signal when pulling away from the 500 block was credible and, therefore, McCall failed to use his turn signal. This implicit finding is supported by substantial evidence. Thus, contrary to McCall's assertion on appeal, the district court did not fail to determine whether the traffic violation for which the officer pulled McCall over actually occurred. Further, because the district court implicitly found that McCall failed to use his turn signal, the officer did not make a mistake of fact by believing that McCall failed to use his signal. Consequently, this is not a case like *Horton* or *Kimball* such that the district court was required to determine whether the officer's mistake of fact that a traffic violation actually occurred was objectively reasonable. *See Horton*, 150 Idaho at 302-03, 246 P.3d at 675-76; *Kimball*, 141 Idaho at 492-93, 111 P.3d at 628-29.[1] Finally, because McCall was pulled over for failing to use his turn signal, such failure provided reasonable suspicion for the traffic stop. Therefore, as the district court found, McCall failed to provide evidence showing that there were any suppressible issues and failed to meet his burden to prove by a preponderance of the evidence that a motion to suppress would have been granted. Accordingly, the district court did

---

[1]     We note that, to the extent the district court's memorandum indicates that even if the officer made a mistake of fact his subjective belief that McCall violated a traffic law provided reasonable suspicion for the traffic stop, such indication is contrary to this Court's determinations in *Horton* and *Kimball*. Specifically, subjective good faith on the part of the officer is not enough to satisfy the reasonableness requirement of the Fourth Amendment and the mistake must be one that would be made by a reasonable person acting on the facts known to the officer. *See Horton*, 150 Idaho at 302-03, 246 P.3d at 675-76; *Kimball*, 141 Idaho at 492-93, 111 P.3d at 628-29.

7

not err by rejecting McCall's claim that counsel was ineffective for failing to file a motion to suppress.

## IV.

## CONCLUSION

Because McCall failed to provide evidence showing that there were any suppressible issues, McCall failed to meet his burden to prove by a preponderance of the evidence that a motion to suppress would have been granted. Accordingly, the district court did not err by rejecting McCall's claim that counsel was ineffective for failing to file a motion to suppress. Thus, the district court's order dismissing McCall's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**