Randall BURKETT *v.* STATE of Arkansas

CR 80-121                                                607 S.W. 2d 399
Supreme Court of Arkansas
Opinion delivered November 17, 1980

*Mathis & Mathis*, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. This is an appeal from a conviction in the Circuit Court of Clark County for possession of a controlled substance (marijuana) with intent to deliver. We agree with appellant that the warrantless search of the trunk of his vehicle was illegal and the marijuana seized there should have been suppressed from evidence.

Appellant was stopped on April 26, 1979, about 10:00 p.m. on Interstate 30 near Arkadelphia by two troopers of the Arkansas State Police for a defective taillight. While Trooper Jim Jenkins was issuing a compliance summons to appellant, Trooper Glen Owens proceeded to investigate the vehicle, shining his flashlight into it, examining the inspection sticker, and, finally, entering the vehicle on the driver's side. Trooper Owens emerged from the vehicle with part of a marijuana cigarette and a green-handled "roach holder" which he later testified were lying in plain view in the console ashtray. At that point appellant and his passenger were arrested and taken into custody for possession of marijuana. The troopers then proceeded to conduct a warrantless and non-consensual search of the entire vehicle, including the locked trunk. After searching several suitcases in the trunk and finding a burglap bag containing five bricks of marijuana, appellant was charged with possession of a controlled substance (marijuana) with intent to deliver. The troopers then transported appellant and his passenger to the Clark County Jail and had appellant's vehicle towed to a local service station.

Appellant filed a motion to suppress the marijuana from evidence, alleging that it was the product of an illegal search and seizure, but the trial court denied the motion. Appellant was convicted by a jury on January 30, 1980, and sentenced to imprisonment for five years and fined in the amount of $10,000. Alleging that the trial court erred in denying his motion to suppress, appellant brings this appeal.

The sole issue on appeal is whether the warrantless and non-consensual search of appellant's vehicle was violative of the Fourth Amendment's prohibition against unreasonable searches and seizures. The facts in this case are disturbingly similar to those recently decided by this court in *Scisney* v. *State*, 270 Ark. 610, 605 S.W. 2d 451 (1980). The arrests in both cases were made at night by the same officers at the same mile marker on I-30; both vehicles had a defective rear light; marijuana was found in the ashtray of both vehicles; a warrantless and non-consensual search was made of the locked trunk of both vehicles; and both appellants received identical sentences. We feel our reasoning in *Scisney* controls the disposition of this appeal. Although *Scisney* involved the search of luggage contained in the trunk of the defendant's automobile, the initial intrusion into the trunk compartment was wrongful in that case and it was wrongful here as well.

Contrary to appellant's argument, this case does not fall under the "suitcase doctrine" as enunciated in *United States* v. *Chadwick*, 433 U.S. 1, 97 S. Ct. 2476, 53 L. Ed. 2d 538 (1977), and *Arkansas* v. *Sanders*, 442 U.S. 753, 99 S. Ct. 2586, 61 L. Ed. 2d 235 (1979). The burlap bag which contained the marijuana seized from the trunk of appellant's vehicle was invested with the expectation of privacy that the above cases extended to typical repositories of personal effects. Nor does this case fall within the purview of the "automobile exception" established in *Carroll* v. *United States*, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925), for at the time of the search any exigency of mobility of the vehicle had been removed by the arrest of appellant and his passenger and the call for the tow truck.

This was, as in *Scisney*, simply an instance in which law enforcement officers ignored the United States Constitution's

prohibition against unreasonable searches and seizures. Absent a warrant, consent or any underlying probable cause, they proceeded to search the entirety of appellant's vehicle and, ultimately, seized contraband found therein. A "roach clip" and part of a marijuana cigarette found in the console ashtray of the vehicle did not supply the probable cause required for a warrantless search of the contents of the locked trunk of the car, nor did they provide the reasonable belief required for a warrantless search pursuant to Rule 12.4 of the Arkansas Rules of Criminal Procedure. Accordingly, as we find that appellant's motion to suppress should have been granted, we reverse the judgment of the trial court.

Reversed and remanded.