38 P.3d 633

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kevin C. SCHMADEKA, Defendant–Appellant.**

No. 26617.

Court of Appeals of Idaho.

Dec. 20, 2001.

Molly J. Huskey, Interim State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Chief Judge.

Kevin C. Schmadeka appeals the denial of his motion to suppress drug evidence seized from a search of his automobile and his home. We reverse.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 1999, Idaho State Police Trooper Peter Bowes observed a 1981 Datsun coupe with a horizontal crack running across the middle of the windshield. Bowes also noticed that the driver was not wearing his seatbelt. Bowes conducted a traffic stop within the city limits of Post Falls and contacted the driver, Kevin Schmadeka.

While Schmadeka was searching for his registration and insurance documents, Trooper Bowes noticed a "M–800" firecracker, a large explosive type of firework that he believed to be illegal in Idaho, inside the vehicle. Trooper Bowes also noticed a slight odor of burnt marijuana coming through the open window. When asked about the faint odor of burnt marijuana, Schmadeka had no explanation. Schmadeka denied having any marijuana in the car.

Bowes returned to his vehicle and requested a driver's status report and backup from the Post Falls Police Department. Upon returning to the Datsun, Bowes told Schmadeka that he would receive a warning for the vehicle's cracked windshield and for failure to wear his seatbelt. Bowes then ordered Schmadeka out of the Datsun and

conducted a pat-down search.[1] During the pat-down search, Bowes removed Schmadeka's wallet and commented that he had a lot of money and that the construction work Schmadeka said he was doing must be "very good." While Schmadeka stood with a Post Falls officer, Bowes retrieved the "M–800" firecracker and engaged in a prolonged search of the passenger compartment and trunk of the Datsun, eventually identifying a jacket in the back seat as the source of the slight odor of burnt marijuana. No marijuana was found in the jacket. However, during the search of the trunk Bowes saw a garbage bag containing "thousands" of matchbook covers, a container of Red Devil brand lye, and a can with a bottle protruding from it containing a length of tubing and an oily substance.

Believing that the contents of the trunk were evidence of an active methamphetamine laboratory, Bowes arrested Schmadeka for manufacturing methamphetamine. Schmadeka was *Mirandized* and, for the next hour and fifteen minutes, held in the back of a police car, or on an adjacent lawn, while officers repeatedly asked him to cooperate by consenting to a search of his house. Schmadeka eventually agreed, and the ensuing search of his home revealed more evidence of methamphetamine manufacturing, as well as methamphetamine, marijuana, and drug paraphernalia.

Schmadeka was charged with possession of a controlled substance with intent to deliver, I.C. § 37–2732(a)(1)(A); possession of marijuana in an amount less than three ounces, I.C. § 37–2732(c)(3); and possession of drug paraphernalia, I.C. § 37–2734(A)(1). Counsel for Schmadeka moved to suppress all evidence seized after the initial stop on the ground that the search of Schmadeka's car was unreasonable and that his subsequent statements following his arrest were tainted by the preceding illegality. Following a hearing, the district court ruled that Trooper Bowes' belief that the odor of burnt marijuana was emanating from the passenger compartment of Schmadeka's car did not justify a search of the trunk. However, the court

ruled that the search of the trunk was justified because there was probable cause to believe that illegal fireworks might be contained inside. Therefore, the district court concluded that Schmadeka's subsequent statements and consent to search his home, following his arrest for manufacturing methamphetamine, were untainted by any illegal police conduct in searching the trunk of his vehicle.

Schmadeka filed a motion to reconsider the denial of his motion to suppress, which the district court denied from the bench, ruling again that the search of the trunk was justified because there was probable cause to believe that it contained contraband—one or more "M–800" fireworks. Thereafter, Schmadeka entered a guilty plea to one count of possession of methamphetamine, preserving his right to appeal the denial of his motion to suppress, in exchange for the dismissal of all other charges and a favorable sentencing recommendation from the state. A judgment of conviction was entered, from which Schmadeka now appeals.

## II.

### STANDARD OF REVIEW

In evaluating a ruling on a motion to suppress, we defer to factual findings of the trial court unless they are clearly erroneous, but we freely review the trial court's determination as to whether constitutional standards have been satisfied in light of the facts found. *State v. Morris*, 131 Idaho 562, 565, 961 P.2d 653, 656 (Ct.App.1998); *State v. Pick*, 124 Idaho 601, 603, 861 P.2d 1266, 1268 (Ct.App.1993); *State v. Heinen*, 114 Idaho 656, 658, 759 P.2d 947, 949 (Ct.App.1988). The district court's findings of fact are unchallenged. The scope of the search in this case—a search of both the passenger compartment *and the trunk*—is a question of reasonableness under the Fourth Amendment. The reasonableness of a given search or seizure is a question of law requiring our independent review. *Morris*, 131 Idaho at 565, 961 P.2d at 656; *State v. McIntee*, 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct.App.

---

1. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). During the pat-down, however, Bowes had Schmadeka remove his sneakers, but found no contraband or weapons.

1993); *Heinen,* 114 Idaho at 658, 759 P.2d at 949. Accordingly, we exercise free review. *See State v. Reese,* 132 Idaho 652, 653, 978 P.2d 212, 213 (1999).

## III.

### DISCUSSION

The Fourth Amendment requires that all searches and seizures be reasonable. *State v. Murphy,* 129 Idaho 861, 863, 934 P.2d 34, 36 (Ct.App.1997). Warrantless searches and seizures are considered unreasonable per se unless they come within one of the few specifically established and well-delineated exceptions to the warrant requirement. *California v. Acevedo,* 500 U.S. 565, 580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619, 634 (1991); *Coolidge v. New Hampshire,* 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2031–32, 29 L.Ed.2d 564, 575–76 (1971); *State v. Henderson,* 114 Idaho 293, 295, 756 P.2d 1057, 1059 (1988); *State v. Hawkins,* 131 Idaho 396, 400, 958 P.2d 22, 26 (Ct.App.1998). One of these is the "automobile exception" under which law enforcement officers may search an automobile and the containers within it if there is probable cause to believe that the automobile holds contraband or evidence of a crime. *State v. Gallegos,* 120 Idaho 894, 898, 821 P.2d 949, 953 (1991); *State v. Ramirez,* 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct.App.1991). The automobile exception is based both upon the automobile's ready mobility—an exigency sufficient to excuse the warrant requirement where there is probable cause for a search—and upon the lesser expectation of privacy in an automobile as compared to the privacy interest in a home. *State v. Braendle,* 134 Idaho 173, 175, 997 P.2d 634, 636 (Ct.App.2000). The permissible scope of a warrantless automobile search "is defined by the object of the search and the places in which there is probable cause to believe it will be found." *United States v. Ross,* 456 U.S. 798, 824, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572, 593 (1982), *quoted in Braendle,* 134 Idaho at 175, 997 P.2d at 636.

### A. The Firecracker As Justification For The Search Of The Trunk

Schmadeka argues that the state did not meet its burden of demonstrating that the firework was "illegal," that there was no reason to believe that additional "illegal" fireworks could be found in the trunk and that the search of the trunk was therefore unlawful. The district court ruled that the "M–800" found in Schmadeka's car was an illegal firework, although the officer did not identify any law defining the firework as such. Again, on reconsideration, the district court explained, "[T]here are laws and ordinances about possession or prohibiting possession of illegal fireworks," although the particular law defining the firework in question as illegal was not identified.

Prior to 1997, Idaho Code made possession of such "dangerous fireworks" as firecrackers without a valid license for public display a misdemeanor. I.C. §§ 39–2624, 39–2626 (repealed and replaced by the Fireworks act of 1997). However, the Fireworks act of 1997 merely prohibits sale and use, not possession, of firecrackers. I.C. § 39–2601—39–2614. Accordingly, state law did not classify the "M–800" firecracker as an illegal firework.

Attached as an appendix to the state's brief is a relevant portion of the Post Falls City Code defining a firecracker as an illegal firework and making the possession of such a misdemeanor. Post Falls Ord. §§ 8.80.010—8.80.060 (2000). However, the ordinance provided appears to have been enacted in 2000, while the traffic stop and search of Schmadeka's vehicle occurred in August 1999. Accordingly, the ordinance cannot be relied upon by this Court as setting forth the applicable law in 1999.

Furthermore, assuming the single firecracker ran afoul of the ordinance, we conclude that its presence in the passenger compartment did not justify a search of the automobile's trunk under the automobile exception.[2] In *Ross,* the Supreme Court con-

---

**2.** We also note that under the *Belton* doctrine, even if Schmadeka had been arrested for possession of the firecracker, such would not have

permitted, as a search incident to that arrest, a search of the trunk. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981);

599

sidered the extent of a motor vehicle search consistent with the Fourth Amendment and stated:

> When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.

456 U.S. at 821, 102 S.Ct. at 2171, 72 L.Ed.2d at 591. The Court held that probable cause to believe that a van was being used to transport undocumented aliens did not justify the warrantless search of a suitcase, explaining:

> the scope of the warrantless search authorized by [the motor vehicle] exception is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.

Id. at 825, 102 S.Ct. at 2173, 72 L.Ed.2d at 594; Wyoming v. Houghton, 526 U.S. 295, 300, 119 S.Ct. 1297, 1300–01, 143 L.Ed.2d 408, 414–15 (1999); Murphy, 129 Idaho at 864, 934 P.2d at 37. A court must apply common sense, considering the totality of the circumstances to determine whether there is a fair probability that contraband will be discovered in a particular place. Shepherd, 118 Idaho at 124, 795 P.2d at 18 (citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

We hold that, even if the "M–800" was an illegal firework,[3] its lone presence in the passenger compartment would not justify a search of the trunk any more than would a

burning cigarette in the passenger compartment of an automobile occupied by a single minor, or an open container in the passenger compartment of a vehicle being operated on a public roadway. In none of these cases is there a fair probability that more of the same contraband will be found in the trunk. Therefore, the portion of the district court's decision denying Schmadeka's motion to suppress on the ground that the presence of the "M–800" firecracker constituted probable cause to search Schmadeka's trunk is reversed. Accordingly, we must now address the issue of whether a slight odor of burnt marijuana constitutes an alternative basis for upholding the district court's decision in this case.

## B. Slight Odor Of Marijuana As Justification For The Search Of The Trunk

■ Bowes searched the trunk of Schmadeka's car after searching the passenger compartment of the car for the source of a slight odor of burnt marijuana without avail. The district court concluded that Bowes subjective belief that he smelled the slight odor of burnt marijuana coming from the passenger compartment of Schmadeka's car, absent any corroborating evidence found therein, precluded Bowes from searching the trunk. The state argues that this odor alone provided probable cause to search the trunk. We disagree.

■ The existence of probable cause to search the interior of a car is not necessarily sufficient to justify a search of the car's trunk. In Wimberly v. Superior Court, 16 Cal.3d 557, 128 Cal.Rptr. 641, 547 P.2d 417, 424–427 (1976), the California Supreme Court explained that observations that support only the inference of casual drug usage—the odor of burnt marijuana in the passenger compartment—do not reasonably support the in-

---

State v. Charpentier, 131 Idaho 649, 962 P.2d 1033 (1998); State v. Shepherd, 118 Idaho 121, 122–23, 795 P.2d 15, 16–17 (Ct.App.1990).

3. This Court has not been asked to address whether Bowes could have made a good faith mistake of law in concluding that the "M–800" firecracker was an illegal firework. In State v. McCarthy, 133 Idaho 119, 125, 982 P.2d 954, 960 (Ct.App.1999), we noted that there is a split of

authority in other state jurisdictions regarding whether a mistake of law is unreasonable per se or is to be tested under the same reasonableness standard that applies to mistakes of fact. But see United States v. King, 244 F.3d 736, 741 (9th Cir.2001) (officer's mistake of law, even in good faith, cannot form the basis of reasonable suspicion to initiate a traffic stop).

ference that there is additional contraband hidden in the trunk. *Id.* at 427. Rather, there must be specific articulable facts supporting probable cause to believe that the contraband or evidence is, in fact, concealed in the trunk. *Id.* at 428. *See also United States v. Downs*, 151 F.3d 1301, 1303 (10th Cir.1998) (where the smell of burnt marijuana prompts a search of the passenger portion of the vehicle and no controlled substances are found in that area, there is no probable cause to search further in the vehicle's trunk); *United States v. Wald*, 216 F.3d 1222 (10th Cir.2000) (the mere odor of burnt methamphetamine in the passenger compartment of a vehicle does not provide probable cause to search the vehicle's trunk); *Burkett v. State*, 271 Ark. 150, 607 S.W.2d 399 (1980) (roach clip and marijuana cigarette butt in the ashtray does not extend the scope of probable cause to the trunk); *compare State v. Longo*, 608 N.W.2d 471 (Iowa 2000) (not determining whether the smell of burnt marijuana alone is sufficient to justify a search of both the passenger area and trunk of a motor vehicle, and holding that other suspicious factors such as the inconsistent stories told by the suspects and the passenger's suspicious demeanor raised the level of suspicion sufficiently high to constitute probable cause for a search of the entire vehicle, including the trunk area in which marijuana and methamphetamine were found).

The Tenth Circuit's distinction between the odor of burnt marijuana in the passenger compartment (alone insufficient to establish probable cause for a search of the car's trunk) and that of raw marijuana (sufficient alone to establish probable cause for a search of the trunk) applies common sense in viewing the totality of the circumstances to determine the existence of probable cause. As explained in *Wald:*

> [The distinction] is premised on the common sense proposition that the smell of burnt marijuana is indicative of drug usage, rather than drug trafficking, and because it is unreasonable to believe people smoke marijuana in the trunks of cars, the

mere smell of burnt marijuana does not create the fair probability that the trunk contains marijuana.

216 F.3d at 1226. Thus, we conclude, as did the district court below, that the odor of burnt marijuana alone, when recognized by a person or canine qualified to recognize the odor, is only sufficient to establish probable cause for a warrantless search of the portion of the automobile associated with that odor.

The authorities relied upon by the state do not support the proposition that the slight odor of burnt marijuana in the passenger compartment alone is sufficient to establish probable cause for a search of the entire automobile. Probable cause to search in each case was based on more than a slight odor of burnt marijuana emanating from the passenger compartment. *See, e.g., Shepherd*, 118 Idaho 121, 795 P.2d 15 (odor of "raw marijuana," presence of marijuana pipe, and marijuana located in a backpack on the rear seat sufficient for probable cause to search the trunk of automobile); *compare State v. Gonzales*, 117 Idaho 518, 789 P.2d 206 (Ct. App.1990) (odor of "raw marijuana" emanating from a motor home was sufficient to establish probable cause to support a warrantless search of the interior of the motor home). Based on the record before us, we conclude that the district court correctly concluded that the slight odor of burnt marijuana alone was insufficient to justify Bowes' warrantless search of the trunk of Schmadeka's vehicle.

## IV.

## CONCLUSION

Accordingly, we conclude that the district court's order denying the motion to suppress must be reversed and the case remanded to the district court for proceedings consistent with Schmadeka's Rule 11 plea agreement.[4]

Judge PERRY, CONCURS.

4. Because we reverse the district court's order denying Schmadeka's motion to suppress regarding the search of the automobile's trunk, we conclude that his post-arrest statements come within the fruit of the poisonous tree doctrine. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *State v. Zavala*, 134 Idaho 532, 5 P.3d 993 (Ct.App.2000).

Judge LANSING, CONCURRING IN THE RESULT.

I concur with all of the majority opinion except that portion of section III(A) indicating that even if the firecracker was an unlawful firework, the presence of a single firecracker in the passenger compartment would not provide probable cause for a search of the trunk under the automobile exception. In my view, that portion of the opinion is dicta and concerns an issue that we need not address inasmuch as the Court, earlier in the opinion, determined that the State did not meet its burden to prove that the firecracker was an illegal firework. This dicta does not express my view and appears to be contrary to the position adopted by most jurisdictions that have considered the question of whether a minimal amount of contraband observed in the passenger compartment will justify a search of the trunk. *See* 3 WAYNE R. LA-FAVE, SEARCH AND SEIZURE, § 7.2(c), p. 487, n. 108 (3d ed.1996).