921 A.2d 881

Mario McLorren WILSON

v.

STATE of Maryland.

No. 2185, Sept. Term, 2005.

Court of Special Appeals of Maryland.

May 2, 2007.

David P. Kennedy (Nancy S. Forster, Public Defender, on brief), Baltimore, for appellant.

Carrie J. Williams (Douglas F. Gansler, on brief), Baltimore, for appellee.

Panel HOLLANDER, KENNEY * and LAWRENCE F. RODOWSKY, (Retired, specially assigned), JJ.

KENNEY, J.

During a traffic stop, a Maryland State Trooper recovered six and one-half pounds of marijuana from a suitcase in the trunk of a rental vehicle that appellant, Mario Wilson, was driving. Following a bench trial in the Circuit Court for Worcester County, appellant was found guilty of possession of marijuana with intent to distribute. He was sentenced to two years' imprisonment.

Prior to trial, appellant moved to suppress evidence of the marijuana recovered from the trunk of his vehicle. The denial of that motion is the subject of this appeal. Appellant presents one question, which we have rewritten as follows: [1]

Does the odor of burnt marijuana emanating from the passenger compartment of a vehicle, by itself, establish

---

* Kenney, J. now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he participated also in the decision and adoption of this opinion.

1. Appellant presents the question as follows:

Did the court err in denying Wilson's motion to suppress marijuana found in the trunk of his car after a traffic stop for speeding, where the only basis for probable cause to search the car was the fact that the stopping officer smelled an odor of burnt marijuana emanating from the open driver's side window?

probable cause to search the vehicle's trunk under the automobile exception to the warrant requirement of the Fourth Amendment?

For the following reasons, we shall affirm the judgment of the circuit court.

## FACTUAL AND PROCEDURAL HISTORY

On October 27, 2004, Maryland State Police Trooper Larry Fortino was operating radar in an unmarked patrol vehicle on U.S. 13 in Worcester County. Radar indicated that a gray Chevy Impala with Virginia tags was traveling southbound at 62 miles per hour in a 55 mile per hour zone. A traffic stop was initiated. When the vehicle pulled off onto the shoulder of the highway, appellant was driving the vehicle. Another person was in the passenger seat.

Trooper Fortino approached the vehicle and asked appellant for his driver's license and registration. Appellant produced a Virginia driver's license and a rental agreement for the vehicle. He became argumentative, claiming that he frequently traveled U.S. 13 and had never before been stopped.

While Trooper Fortino conversed with appellant, he smelled "an odor of burnt marijuana emanating from the vehicle." He informed appellant that the odor had been detected and asked him to exit the vehicle. Appellant denied having marijuana in the car. By this time, a deputy with the Worcester County Sheriff's Office arrived at the scene. The deputy remained with appellant while Trooper Fortino walked around to the passenger side of the vehicle and asked the passenger to exit the car.

The deputy searched the vehicle's interior, including the glove compartment and ashtray, in addition to the air filter and hubcaps. No evidence of a crime was discovered during the search. Appellant's car key was used to open the trunk of the vehicle. Inside, six and one-half pounds of marijuana were recovered from a black suitcase. The record indicates that either the deputy or Trooper Fortino had requested the

assistance of a drug-detecting dog, which did not arrive until after the contraband had been recovered.

On December 8, 2004, appellant was charged with possession of marijuana with intent to distribute. Appellant filed a motion to suppress the marijuana recovered from the vehicle. Following a hearing, the motion was denied. On July 12, 2005, the case proceeded on an agreed statement of facts that included the following:

> A full search of the vehicle was conducted. Two large packages were located in a black suitcase in the trunk. The packages contained a large amount of suspected marijuana.

> \* \* \*

> The evidence was submitted for analysis to the Maryland State Police crime lab, who tested it, and determined that it was in fact marijuana. It was approximately six and a half pounds of marijuana.

## STANDARD OF REVIEW

"In considering a denial of a motion to suppress, we are limited to the record of the suppression hearing." *Whiting v. State,* 160 Md.App. 285, 300, 863 A.2d 1017 (2004). Where, as here, the circuit court does not make factual findings on the record,

> the appellate court will accept that version of the evidence most favorable to the prevailing party. It will fully credit the prevailing party's witnesses and discredit the losing party's witnesses. It will give maximum weight to the prevailing party's evidence and little or no weight to the losing party's evidence. It will resolve ambiguities and draw inferences in favor of the prevailing party and against the losing party.

*Morris v. State,* 153 Md.App. 480, 490, 837 A.2d 248 (2003). As a question of law, we review, *de novo,* whether appellant's motion to suppress was properly denied. *In re David S.,* 367 Md. 523, 529, 789 A.2d 607 (2002).

**440**

## DISCUSSION

 The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

 The Fourth Amendment ordinarily requires that a warrant be secured prior to conducting a search. *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999). An exception to the warrant requirement is the "automobile exception," known as the *"Carroll* Doctrine." *State v. Harding*, 166 Md.App. 230, 241, 887 A.2d 1108 (2005). "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more." *Dyson*, 527 U.S. at 467, 119 S.Ct. 2013 (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996)).

 In *Daniels v. State*, 172 Md.App. 75, 89, 913 A.2d 617 (2006), we explained probable cause as follows:

[P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such belief be correct or more likely true than false. A "practical, non-technical" probability that incriminating evidence is involved is all that is required. *Brinegar v. United States*, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949); *Riddick v. State*, 319 Md. 180, 194–95, 571 A.2d 1239 (1990).

In a probable cause analysis, we consider the "totality of the circumstances." *Cox v. State,* 161 Md.App. 654, 669, 871 A.2d 647 (2005).

We have held that the odor of burnt marijuana, alone, affords probable cause to search the passenger compartment of a vehicle under the "automobile exception." In *Harding,* 166 Md.App. at 233, 887 A.2d 1108, "a strong odor of burnt marijuana emanating from the passenger compartment" of the defendant's pickup truck provided probable cause to search the passenger compartment of his vehicle. A search of the air bag compartment resulted in the recovery of a pistol, a bag of marijuana, and a partially-smoked marijuana cigarette. *Id.* After the defendant's arrest, "the officers discovered a large package of additional marijuana hidden in a spare tire that was in the covered bed of the pickup truck." *Id.*

On review, we stated:

Any question as to whether the odor of marijuana alone can provide a police officer probable cause to search a vehicle was dispelled by the Supreme Court in *United States v. Johns,* 469 U.S. 478, 482, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985), where Justice O'Connor wrote for the Court: "After the officers came closer and detected the distinct odor of marijuana, they had probable cause to believe that the vehicle contained contraband." To similar effect, *see Ford v. State,* 37 Md.App. 373, 379, 377 A.2d 577 ("knowledge gained from the sense of smell alone may be of such character as to give rise to probable cause for a belief that a crime is being committed in the presence of the officer"), *cert. denied,* 281 Md. 737 (1977). *See also United States v. Ventresca,* 380 U.S. 102, 111, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) (smell of mash whiskey); *Seldon v. State,* 151 Md. App. 204, 232, 824 A.2d 999 (odor of cocaine, if believed, would have established probable cause), *cert. denied,* 377 Md. 114, 832 A.2d 206 (2003); *Mullaney v. State,* 5 Md.App. 248, 257, 246 A.2d 291 (1968) ("That the smell of distinctive odors can constitute evidence of crime and of probable cause is well settled."), *cert. denied,* 252 Md. 732 (1969); Andrea L. Ben–Yosef, Annotation, *Validity of Warrantless Search*

*of Motor Vehicle Based on Odor of Marijuana–State Cases,* 114 A.L.R.5th 173, 189 (2003) ("The majority of courts have found that the odor of marijuana alone supplies the probable cause for a warrantless search."); Andrea L. Ben–Yosef, Annotation, *Validity of Warrantless Search of Motor Vehicle Based on Odor of Marijuana–Federal Cases,* 188 A.L.R. Fed. 487, 497 (2003) (same).

*Id.* at 240, 887 A.2d 1108.

We have stated that "[m]any of the cases applying the *Carroll* doctrine have found probable cause to search the trunk of a motor vehicle based on evidence apparent to a police officer after a lawful search of the passenger compartment of the vehicle." *Whiting v. State,* 125 Md.App. 404, 415, 725 A.2d 623 (1999) (and cases cited therein). In this case, the search of the passenger compartment of the vehicle produced no additional evidence of the presence of marijuana in the vehicle. Appellant contends that, under the circumstances, any probable cause to search the passenger compartment of a vehicle based solely on the odor of burnt marijuana would not extend to the vehicle's trunk.

In *United States v. Ross,* 456 U.S. 798, 824–25, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the Supreme Court explained:

The scope of a warrantless search of an automobile . . . is defined by the object of the search and the places in which there is probable cause to believe that it may be found. Just as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe that undocumented aliens are being transported in a van will not justify a warrantless search of a suitcase.

* * *

If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.

*See also Whiting,* 125 Md.App. at 411–12, 725 A.2d 623.

In *California v. Acevedo,* 500 U.S. 565, 580, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991), the Supreme Court stated that the

"police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." In that case, officers of the Santa Ana Police Department were conducting surveillance of an apartment, which they knew contained marijuana. *Id.* at 566–67, 111 S.Ct. 1982. Acevedo drove to the apartment, entered, "stayed for about ten minutes, and reappeared carrying a brown paper bag that looked full." *Id.* at 567, 111 S.Ct. 1982. He placed the bag in the trunk of his vehicle. *Id.* As he drove out of the parking lot, he was stopped by police. "They opened the trunk and the bag, and found marijuana." *Id.* (footnote omitted). The Supreme Court explained:

[T]he police had probable cause to believe that the paper bag in the automobile's trunk contained marijuana. That probable cause now allows a warrantless search of the paper bag. The facts in the record reveal that the police did not have probable cause to believe that contraband was hidden in any other part of the automobile and a search of the entire vehicle would have been without probable cause and unreasonable under the Fourth Amendment.

*Id.* at 580, 111 S.Ct. 1982.

In *U.S. v. Carter*, 300 F.3d 415, 422 (4th Cir.2002), the United States Court of Appeals for the Fourth Circuit, citing *Acevedo*, stated that "probable cause must be tailored to specific compartments and containers within an automobile." In *Carter*, twenty defendants were named in an indictment stemming from a series of arrests in a housing project in Fayetteville, North Carolina. *Id.* at 420. Five appellants were joined for trial. *Id.*

One of the defendants, Jerry McRae, had been pulled over for speeding. *Id.* The officer who initiated the traffic stop "testified that when he approached the vehicle, he smelled burnt marijuana in the air." *Id.* He asked McRae for permission to search the vehicle; McRae refused. *Id.* The officer released a drug-sniffing dog from his patrol vehicle and the dog alerted "when walking by the driver's side door." *Id.* Based on the dog's alert, the officer "searched the entire

passenger compartment of the vehicle and found a quantity of marijuana on the passenger side of the center console." *Id.* An additional search of the locked trunk of McRae's vehicle resulted in the recovery of a kilogram of cocaine within a locked suitcase that was inside of the trunk. *Id.*

The court stated that the officer "clearly had probable cause to search the passenger compartment of McRae's vehicle without a warrant, based on the burning marijuana he smelled as he approached the car." *Id.* at 422. As to whether the officer "also had probable cause to search the locked trunk of the car and the closed suitcase inside the trunk," the government argued that the "dog's 'alerting' on the driver side of the car gave [the officer] probable cause to search the *entire* vehicle: including the trunk and the suitcase." *Id.* In response to that argument, the court stated that the government "overstates the matter," but concluded that the search of the trunk and the suitcase was proper because the dog's alert "was sufficiently close to the trunk to give [the officer] probable cause to believe it contained contraband." *Id.*

The United States Court of Appeals for the Fifth Circuit explained *Ross* as follows:

The Supreme Court has made a distinction between probable cause to believe that drugs are in a particular section of the car, and probable cause to believe that drugs are generally within the car. In *Ross,* the Court stated, "probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab." *United States v. Ross,* 456 U.S. 798, 824, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982). Whereas on the next page, the Court states, "if probable cause justifies a search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* Thus, if officers have probable cause to believe that contraband is in only one part of a car, then they are limited to that area. If, on the other hand, officers have probable cause to believe that contraband is located somewhere in a

car, but they don't know exactly where, then they can search the entire vehicle.

*U.S. v. Seals,* 987 F.2d 1102, 1107 n. 8 (5th Cir.1993).

### Officers May Search the Trunk

Only a few jurisdictions have considered the issue presented in this case. One jurisdiction has opined that the odor of burnt marijuana, alone, establishes probable cause to search the trunk of a vehicle. Another, in dicta, has indicated that it would so hold.

### U.S. Court of Appeals for the Fifth Circuit

In *U.S. v. McSween,* 53 F.3d 684, 685 (5th Cir.1995), the driver of a vehicle was stopped by two Texas Department of Public Safety officers for driving in excess of the posted speed limit. One of the officers asked the driver if he could search the car, including the trunk. *Id.* The driver consented. *Id.* The officer "noticed the smell of burnt marihuana" but did not find any evidence in the vehicle during the initial search to confirm his belief. *Id.*

Under the hood of the vehicle, the officer removed a rag from a hole in the vehicle's fire wall and found a brown paper bag. *Id.* Believing that the bag contained marijuana, the officer arrested the driver. *Id.* at 685–86. The car was impounded and additional marijuana, as well as cocaine, were discovered in the hole under the hood of the vehicle. *Id.* at 686.

On appeal, the driver argued that: (1) his consent to search the car did not extend to areas under the hood of the vehicle and (2) "even if the odor of marihuana gave [the officer] probable cause to search, the search should have been limited to the passenger area, where [the officer] detected the smell." *Id.* at 687. The court disagreed, stating:

It is well settled that, in a case such as this, the detection of the odor of marihuana justifies "a search of the entire vehicle." *[U.S. v.] Reed,* 882 F.2d [147,] 149 [ (5th Cir. 1989) ]. As the Supreme Court stated in *Ross,* "If probable

cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." 456 U.S. at 825, 102 S.Ct. at 2173. *See also United States v. Johns*, 469 U.S. 478, 482, 105 S.Ct. 881, 884, 83 L.Ed.2d 890 (1985). The Court further observed that, if there is probable cause to suspect that the vehicle contains contraband, then the search may extend not only to closed containers, but also to a "car's trunk or glove compartment." *Ross*, 456 U.S. at 823, 102 S.Ct. at 2172. The same reasoning applies to the area under the hood, where drugs may also be concealed.

*Id.* at 687.

### Iowa

In *State v. Longo*, 608 N.W.2d 471, 473 (Iowa 2000), the Supreme Court of Iowa did not directly address the issue as factors in addition to the odor of burnt marijuana supported the court's conclusion that probable cause existed to search the trunk of a vehicle. It did state, however, "We have substantial doubts as to the validity of [the defendant's] theory that the smell of burnt marijuana only gives rise to a lawful search of the passenger portion of the vehicle and not the trunk."

### *Officers May Not Search the Trunk*

Four jurisdictions have held that the odor of burnt marijuana, alone, does not establish probable cause to search the trunk of a vehicle. Appellant urges that we follow their lead.

### U.S. Court of Appeals for the Tenth Circuit

The Tenth Circuit has held, in at least five cases, that the odor of burnt marijuana (or burnt methamphetamine), alone, does not provide a sufficient basis to search the trunk of a vehicle. *See U.S. v. Bradford*, 423 F.3d 1149, 1160 (10th Cir.2005); *U.S. v. Wald*, 216 F.3d 1222, 1226 (10th Cir.2000); *U.S. v. Downs*, 151 F.3d 1301, 1302 (10th Cir.1998); *U.S. v.*

*Parker,* 72 F.3d 1444, 1450 (10th Cir.1995); *U.S. v. Nielsen,* 9 F.3d 1487, 1491 (10th Cir.1993).

Interpreting the Supreme Court's decision in *Ross,* the Tenth Circuit stated:

> [A]lthough the smell of burnt marijuana emanating from a vehicle provides probable cause to search the passenger compartment of that vehicle, if that search fails to uncover corroborating evidence of contraband, probable cause to search the trunk of the vehicle does not exist. This rule is premised on the common-sense proposition that the smell of burnt marijuana is indicative of drug usage, rather than drug trafficking, and because it is unreasonable to believe people smoke marijuana in the trunks of cars, the mere smell of burnt marijuana does not create the fair probability that the trunk contains marijuana.

*Wald,* 216 F.3d at 1226 (internal citations omitted).

In *Wald,* 216 F.3d at 1224, an officer with the Utah Highway Patrol stopped a vehicle that had a badly cracked windshield. The officer approached the vehicle and spoke with the driver and his passenger, who owned the vehicle. *Id.* The officer noted that both men appeared to be nervous and that the passenger had bloodshot and glassy eyes. *Id.* at 1224–25. While speaking to the driver and passenger, the officer detected the odor of burnt methamphetamine. *Id.* at 1225. The passenger of the vehicle consented to a search of the passenger compartment of his car. *Id.* The search did not reveal any evidence of a crime. *Id.* In a subsequent pat-down search, the officer recovered two pipes from the passenger's jacket pocket. *Id.* The officer then searched the trunk of the vehicle and recovered two packages containing methamphetamine in addition to two torches used to smoke the narcotic. *Id.*

On review, the Tenth Circuit held that the odor of burnt methamphetamine, alone, did not provide the requisite probable cause to search the trunk of the vehicle. *Id.* at 1228. In reaching that conclusion, the court distinguished between "burnt" and "raw" forms of contraband and stated:

Had [the officer] testified that he detected the odor of *raw* methamphetamine, such evidence, if based upon proper foundation, would have sufficed to provide probable cause for the trunk search. In the instant case, however, [the officer] testified that he smelled only *burnt* methamphetamine, not *raw* methamphetamine, and that burnt methamphetamine has a distinctively pungent odor.... [T]he strong odor of burnt methamphetamine, whether or not it can permeate trunks, does not provide probable cause to search a trunk, because it is unreasonable to think someone smoked drugs in the trunk of a car.

*Id.* (internal citation omitted).

### Ohio

Relying, in part, on the Tenth Circuit's distinction between burnt and raw marijuana, the Supreme Court of Ohio, in a 4–3 decision, recently held that "[t]he odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle." *State v. Farris*, 109 Ohio St.3d 519, 849 N.E.2d 985, 996 (2006).

In *Farris*, an Ohio Highway Patrol trooper stopped a vehicle traveling in excess of the posted speed limit. *Id.* at 988. The trooper approached the right side of the vehicle and the driver lowered the passenger side window. *Id.* At that time, the trooper detected "a light odor of marijuana coming from inside the car." *Id.* The driver was asked to exit the vehicle and a pat-down search was conducted. *Id.* No contraband was found. *Id.*

Without *Miranda* warnings,[2] the trooper "asked whether there were any drugs or drug devices in the car." *Id.* The driver responded that there was a marijuana pipe located in the trunk of the vehicle. *Id.* The trooper then gave the *Miranda* warnings to the driver and elicited the same ad-

---

**2.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

mission. *Id.* A second trooper searched the passenger compartment of the vehicle and found no evidence of drug paraphernalia. *Id.* The trunk was then opened and the trooper conducting the search discovered the pipe and cigarette papers. *Id.*

On review, the court concluded that "evidence obtained as the direct result of statements made in custody without the benefit of a *Miranda* warning should be excluded." *Id.* at 996. Therefore, the prosecution had to demonstrate that the troopers had probable cause to search the trunk of the vehicle based solely upon the "light odor of marijuana coming from inside the car." *Id.* The court concluded that the troopers did not have probable cause to search the trunk. *Id; see also State v. Coston*, 168 Ohio App.3d 278, 859 N.E.2d 990, 994 (2006) ("The search based on probable cause on marijuana vehicle, but not the trunk.").

### California

In 1976, the Supreme Court of California announced that if evidence of marijuana recovered in the passenger compartment of a vehicle suggests only *casual use*, as opposed to *dealing*, probable cause to search the trunk of the vehicle is not established. *Wimberly v. Superior Court*, 16 Cal.3d 557, 128 Cal.Rptr. 641, 547 P.2d 417, 427 (1976). We shall refer to this as the "user-dealer" distinction.

In *Wimberly*, two California Highway Patrol officers in a patrol car initiated a traffic stop for a vehicle that was speeding and driving erratically. 128 Cal.Rptr. 641, 547 P.2d at 420. One of the officers, approaching the vehicle, observed a jacket, a paper bag, a tobacco pipe, and 12 marijuana seeds resting on the floor at the passenger's feet. *Id.* At the officer's request, the passenger handed the officer the pipe. *Id.* The officer observed burnt residue and detected the odor of burnt marijuana. *Id.* Both officers detected the same scent emanating from within the car. *Id.* The officer searched the passenger compartment of the vehicle. A small quantity of marijuana was recovered from the passenger's jacket, but no other contraband was found inside of the car. *Id.* The officers

then used the car keys to open the trunk. *Id.* Several pounds of marijuana were recovered from the trunk. *Id.*

In considering whether the evidence obtained and detected by the officers in the passenger compartment of the vehicle provided probable cause to search the trunk, the court reasoned:

> [L]ogic compels that we ... differentiate between the [casual narcotics user and the dealer of narcotics] and recognize that all casual users are not dealers. Here, the erratic driving, the plain view observation of the marijuana seeds adjacent to the pipe, the odor of burnt marijuana, the burnt residue in the pipe, and the small quantity of marijuana secreted in the jacket indicate only that petitioners were casual users of marijuana. It was thus proper to search adjacent areas of the vehicle ... but it was not reasonable to infer that petitioners had additional contraband hidden in the trunk.

*Id.* at 427.

## Idaho

In *State v. Schmadeka*, 136 Idaho 595, 38 P.3d 633, 637 (2001), the Court of Appeals of Idaho considered whether the slight odor of burnt marijuana, alone, established probable cause to search the trunk of a vehicle. In reaching its conclusion, the court relied on the "user-dealer" and "burnt-raw" distinctions discussed in *Wimberly* and *Wald.*

In *Schmadeka*, an Idaho State Police trooper spotted a vehicle with a large crack running across the center of the windshield and noticed that the driver of the vehicle was not wearing his seatbelt. 38 P.3d at 634. The trooper initiated a traffic stop. *Id.* When the trooper approached the driver, he observed what he believed to be an illegal firecracker in plain view[3] and detected "a slight odor of marijuana coming through the open window" of the vehicle. *Id.* When ques-

---

**3.** On review, the court determined that Idaho law did not classify the firecracker as an "illegal firework." *Schmadeka*, 38 P.3d at 636.

tioned about the odor, the driver had no explanation for it. *Id.* The trooper asked the driver to exit the vehicle and conducted a pat-down search. *Id.* at 634–35. A "prolonged search of the passenger compartment" of the vehicle was conducted. *Id.* at 635. The trooper identified a jacket in the rear seat of the vehicle as the source of the odor. *Id.* No evidence of marijuana was recovered from either the passenger compartment of the vehicle or from the jacket. *Id.*

The trooper also searched the trunk of the vehicle. There, he found evidence of methamphetamine paraphernalia and arrested the driver. *Id.* After repeated requests, the driver eventually consented to a search of his residence. *Id.* Authorities recovered further evidence of methamphetamine manufacturing, in addition to methamphetamine, marijuana, and drug paraphernalia. *Id.*

Relying, in part, on the "user-dealer" distinction, the court stated:

> The existence of probable cause to search the interior of a car is not necessarily sufficient to justify a search of the car's trunk. In *Wimberly v. Superior Court,* 16 Cal.3d 557, 128 Cal.Rptr. 641, 547 P.2d 417, 424–427 (1976), the California Supreme Court explained that observations that support only the inference of casual drug usage—the odor of burnt marijuana in the passenger compartment—do not reasonably support the inference that there is additional contraband hidden in the trunk. Rather, there must be specific articulable facts supporting probable cause to believe that the contraband or evidence is, in fact, concealed in the trunk.

*Id.* at 637–38.

As to the "burnt-raw" distinction, the court stated:

> The Tenth Circuit's distinction between the odor of burnt marijuana in the passenger compartment (alone insufficient to establish probable cause for a search of the car's trunk) and that of raw marijuana (sufficient alone to establish probable cause for a search of the trunk) applies common sense in viewing the totality of the circumstances to deter-

mine the existence of probable cause. As explained in *Wald:*

> [The distinction] is premised on the common sense proposition that the smell of burnt marijuana is indicative of drug usage, rather than drug trafficking, and because it is unreasonable to believe people smoke marijuana in the trunks of cars, the mere smell of burnt marijuana does not create the fair probability that the trunk contains marijuana.

216 F.3d at 1226. Thus, we conclude, as did the district court below, that the odor of burnt marijuana alone, when recognized by a person or canine qualified to recognize the odor, is only sufficient to establish probable cause for a warrantless search of the portion of the automobile associated with that odor.

*Id.* at 638.

The "user-dealer" distinction has been criticized by the California Courts of Appeal. *See People v. Hunter,* 133 Cal.App.4th 371, 34 Cal.Rptr.3d 818 (2005); *People v. Dey,* 84 Cal.App.4th 1318, 101 Cal.Rptr.2d 581 (2000). A well-recognized Fourth Amendment treatise states:

> [T]he recent cases of this genre have in the main rejected the *Wimberly* approach. In doing so, they have labeled the user-dealer distinction in this context as "illogical and unreasonable" because it is untrue "that users, whether occasional, regular, or habitual, are not likely to hide additional contraband in the trunk." Also, it is argued that police should not be burdened "with having to make another judgment call—whether a certain amount of marijuana, cocaine, or other drug found on a person or in some container makes the person a casual user or a dealer."

3 LaFave, Search & Seizure § 7.2 (4th ed.2007) (footnotes omitted).

The Court of Criminal Appeals of Texas, in *Osban v. State,* 726 S.W.2d 107, 109 (Tex.Cr.App.1986), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681 (Tex.Cr.App.1991), explained the fallacy of the user-dealer distinction as follows:

[E]ven though there is a distinction between users and dealers and the latter are *more* likely to have additional contraband hidden in the trunk, this does not mean that users, whether occasional, regular, or habitual, are *not* likely to hide additional contraband in the trunk. Under the logic of *Wimberly,* an officer who discovers a driver and passenger each in possession of a prohibited weapon, cannot search the trunk of their vehicle because no evidence exists that the suspects deal in illegal weapons.

In *U.S. v. Burnett,* 791 F.2d 64 (6th Cir.1986), the United States Court of Appeals for the Sixth Circuit rejected the user-dealer distinction. Two ounces of marijuana were observed by an officer of the Cincinnati Airport Police on the floorboard of a driver's vehicle. *Id.* at 65. The officer arrested the driver and an occupant of the vehicle. *Id.* After the vehicle was impounded, officers discovered, during an inventory search, 245 grams of cocaine located within a resealed champagne box. *Id.* at 65–66. On appeal, the Sixth Circuit was asked to determine whether the finding of only two ounces of marijuana in the passenger compartment of the vehicle supported probable cause to search the vehicle's trunk.[4] *Id.* at 66–67. The court held that it did and explained:

> The focal point of appellant's argument is that two ounces of marijuana found on the floorboard of the car indicates that the appellant is only a casual user of narcotics as opposed to a dealer. Consequently, it is argued that [the officer] had probable cause to search only the passenger area of the car and not the trunk. The appellant is asking this Court to burden the police with having to make another judgment call—whether a certain amount of marijuana, cocaine, or other drug found on a person or in some container makes the person a casual user or a dealer. Determining the existence of probable cause to search on the amount of contraband initially found is a line which need not and should not be drawn. Probable cause has never been

---

4. *It is unclear why the government did not rely on the inventory search.*

defined quantitatively and the appellant's theory that "smaller is not necessarily bigger" must be rejected. From the long history of litigated drug cases, it is evident that neither the casual user nor the dealer fits any precise description or category.

*Id.* at 67 (footnote omitted); *see also U.S. v. Turner,* 119 F.3d 18, 20 (D.C.Cir.1997) ("While it may be true that evidence of narcotics distribution would constitute [a] stronger cause to believe additional contraband [is] in [a] trunk, ... [appellant] might have hidden additional drugs not necessary for his current consumption in areas out of plain sight, including the trunk of the car.").

## CONCLUSION

■ The reality is that marijuana and other illegal drugs, by their very nature, can be stored almost anywhere within a vehicle. The location-specific principle that "probable cause must be tailored to specific compartments and containers within an automobile," *Carter,* 300 F.3d at 422, does not apply when officers have only probable cause to believe that contraband is located somewhere within the vehicle, rather than in a specific compartment or container within the vehicle. *See Seals,* 987 F.2d at 1107 n. 8. The odor of burnt marijuana emanating from a vehicle provides probable cause to believe that additional marijuana is present elsewhere in the vehicle.

At oral argument, appellant's counsel stated that it is "not realistic" to assume that an individual who is brave (or perhaps foolish) enough to smoke marijuana while driving would have the forethought to conceal any unused marijuana in the trunk of his or her vehicle. That argument rests on essentially the same premise underlying the "burnt-raw" and the "user-dealer" distinctions.[5] That is, mere users of marijuana keep their raw marijuana close at hand to avoid the inconven-

---

5. The Tenth Circuit explained in *Wald* that the burnt-raw distinction "is premised on the common-sense proposition that the smell of burnt marijuana is indicative of drug usage, rather than drug trafficking...." 216 F.3d at 1226.

ience of going outside the passenger compartment of a vehicle for their next smoke. For that reason, drug users do not hide their unused stash in the trunk of their vehicles. Traffickers in marijuana, on the other hand, do not use drugs while transporting raw marijuana for distribution.

 As counsel acknowledged at oral argument, "it may very well be true in a lot of cases" that one who smokes openly in his or her vehicle might also store marijuana in the trunk.[6] It is not unreasonable for an officer to believe that the odor of burnt marijuana indicates current possession of unsmoked marijuana somewhere inside of the vehicle, including the trunk.[7] That belief reasonably applies to both traffickers and users because simple possession is a crime.

To adopt appellant's argument, the trunk, or any other area outside of the passenger compartment, becomes a safe harbor for the transportation of drugs for both users and traffickers who use drugs.[8] We are not persuaded that a Fourth Amend-

---

**6.** We agree with those courts that have found it unreasonable to believe that users of marijuana actually smoke marijuana in the trunk of a vehicle, but we fail to understand how that leads to the conclusion that it is therefore unreasonable to believe there is not raw marijuana in the trunk of the user's vehicle.

**7.** Appellant does not contend that the search of the trunk would not extend to the suitcase in the trunk. As a general rule probable cause to search a vehicle "justifies the search of every part of the vehicle *and its contents* that may conceal the object of the search." *Ross,* 456 U.S. at 825, 102 S.Ct. 2157 (emphasis added). In *Wyoming v. Houghton,* 526 U.S. 295, 302, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999), the Supreme Court, considering the search of a passenger's purse after an officer had observed drug paraphernalia in the driver's shirt pocket, stated that "neither *Ross* itself nor the historical evidence it relied upon admits of a distinction among packages or containers based on ownership. When there is probable cause to search for contraband in a car, it is reasonable for police officers—like customs officials in the founding era—to examine packages and containers without a showing of individualized probable cause for each one. A passenger's personal belongings, just like the driver's belongings or containers attached to the car like a glove compartment, are 'in' the car, and the officer has probable cause to search for contraband in the car."

**8.** Appellant's argument might, in the case of the driver, prevent officers from searching any "hard-to-get-to" areas within the passenger com-

**456**

ment reasonableness analysis dictates that result. Probable cause is "a flexible, common-sense standard" to be applied in a "practical" and "non-technical" manner. *Daniels,* 172 Md. App. at 89, 913 A.2d 617. The result we reach meets that standard because it eliminates the need to distinguish between burnt, burning, or raw marijuana and avoids speculation over whether a person is a user or a trafficker and, depending on which he or she is, where, within a vehicle, he or she would conceal any additional marijuana.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

partment. For example, if marijuana were concealed deep between the cushions of the rear seat of a vehicle, would not the user-driver logically experience inconvenience in recovering the drugs from that area of the car?