IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36837

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 647 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 17, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERIC ALAN PAYNE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. R. Barry Wood, District Judge.

Order partially denying motion to suppress evidence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Eric Alan Payne appeals from the denial of his motion to suppress evidence discovered in his vehicle following a traffic stop. We affirm.

## I.

## FACTS AND PROCEDURE

While at a convenience store in the city of Gooding, a police officer came into contact with a person smelling of marijuana. The man got into a vehicle, which left and headed down the highway. The officer followed the vehicle, driven by defendant Payne, until it reached the city of Wendell some ten miles away. According to the officer's subsequent testimony, in downtown Wendell he stopped the vehicle for speeding. When the officer approached the vehicle and asked Payne for his driver's license and proof of insurance, the officer detected the odor of marijuana coming from the passenger compartment. The officer called for a drug detection dog to be brought to the scene. In addition to admitting that there was a knife secreted

1

in the center console of the vehicle, Payne eventually admitted to the officer that there was marijuana under the driver's seat. The officer searched the passenger compartment and located the marijuana, some drug paraphernalia and a butterfly knife. Within a few minutes the certified drug dog arrived and alerted on the trunk area of Payne's vehicle. A search of the trunk revealed an additional amount of marijuana in excess of three ounces. Payne was charged with felony possession of marijuana, misdemeanor possession of marijuana, possession of drug paraphernalia, and possession of a concealed weapon.

Payne moved to suppress the physical evidence found in his vehicle as well as statements he made to the officers. He contended that he was not speeding, and therefore the officer lacked legal cause to stop his vehicle and also that the stop was illegally extended beyond its initial purpose of a citation for speeding. The district court suppressed some statements Payne made to the officer due to a *Miranda* violation, but denied the motion as to the physical evidence. Pursuant to a plea agreement, Payne conditionally pleaded guilty to felony possession of marijuana, reserving the right to appeal the partial denial of his motion, and the remaining charges were dismissed. This appeal followed.

## II.

## ANALYSIS

Payne first contends that the officer lacked reasonable suspicion that Payne was exceeding the posted speed limit. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Brumfield*, 136 Idaho 913, 915-16, 42 P.3d 706, 708-09 (Ct. App. 2001); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). An investigative stop must be justified by a reasonable suspicion, derived from specific articulable facts, that the detained person has committed or is about to commit a crime or traffic infraction. *Florida v. Royer*, 460 U.S. 491, 498 (1983); *State v. Fry*, 122 Idaho 100, 103, 831 P.2d 942, 945 (Ct. App. 1991).

At the suppression hearing Payne and one of his passengers testified that he did not accelerate above the posted 25-mile-per-hour speed limit until after he passed a traffic sign increasing the speed limit to 35 miles per hour. The police officer testified differently. He said that he was following Payne's vehicle and "pacing" it when it accelerated above 25-mile-per-hour limit before passing the location where the speed limit increased. The district court found

2

the officer's testimony more credible than Payne's or his passenger's testimony on this point, found as fact that Payne's vehicle had exceeded the speed limit, and concluded therefrom that the vehicle stop was not illegal.

When we review an order granting or denying a motion to suppress, we accept the trial court's factual findings, unless they are clearly erroneous. *State v. Munoz*, 149 Idaho 121, 128, 233 P.3d 52, 59 (2010). Findings of fact are not clearly erroneous if they are supported by substantial and competent evidence. *Id.* Decisions regarding the credibility of witnesses, weight to be given to conflicting evidence, and factual inferences to be drawn are also within the discretion of the trial court. *Id.* Applying these standards, Payne's claim that the district court's factual findings were not supported by substantial and competent evidence is without merit, for the court's findings are supported by the officer's testimony.

Payne next contends, alternatively, that the evidence should have been suppressed because it was the product of a detention that was unlawfully prolonged when the officer abandoned his speeding investigation and began to investigate a possible drug offense. Although an investigative detention must ordinarily last no longer than is necessary to effectuate the purpose of the stop, *Royer*, 460 U.S. at 500, a detention initiated for one investigative purpose may disclose suspicious circumstances that justify expanding the investigation to other possible crimes. *State v. Parkinson*, 135 Idaho 357, 362, 17 P.3d 301, 306 (Ct. App. 2000); *State v. Myers*, 118 Idaho 608, 613, 798 P.2d 453, 458 (Ct. App. 1990).

Here, before the officer had even obtained Payne's driver's license and proof of insurance, he gained information giving rise to reasonable suspicion of unrelated criminal activity. That is, the officer detected the odor of marijuana emanating from the vehicle, which gave rise to reasonable suspicion of a drug offense and justified extension of the traffic stop. Thus, the stop was not illegally extended when the officer shifted his investigation to this newly discovered evidence of criminal activity.

Finally, Payne contends that the warrantless search of his vehicle was illegal because it was not supported by probable cause to believe contraband could be found in the vehicle. Under the automobile exception, police may search an automobile and the containers within it when they have probable cause to believe that the area searched contains evidence of a crime. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991). Probable cause is a flexible, common-

sense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983).

Here, although Payne does not make the distinction, there were two searches of the vehicle. First, the officer who made the stop searched within the passenger compartment of the vehicle. He did so after detecting the odor of marijuana coming from that area, after Payne admitted that there was marijuana under the driver's seat, and after Payne admitted that there was a weapon concealed in the center console. In these circumstances, the search of the passenger compartment of the vehicle was authorized under the automobile exception because it was supported by probable cause. *See State v. Schmadeka*, 136 Idaho 595, 600, 38 P.3d 633, 638 (Ct. App. 2001).

The trunk of Payne's automobile was also searched after the drug canine alerted on this location. When a reliable drug-detection dog indicates that a lawfully stopped automobile emits the odor of controlled substances, an officer has probable cause to believe that there are drugs in the automobile and may search the location of the alert without a warrant. *State v. Tucker,* 132 Idaho 841, 843, 979 P.2d 1199, 1201 (1999); *Gallegos,* 120 Idaho at 898, 821 P.2d at 953; *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct. App. 2005). Therefore, probable cause to search the trunk existed in this case.

Payne has failed to show any error by the district court in the denial of his suppression motion. Accordingly, the district court's order is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**