**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51832**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>RANDALL JOSEPH ELDER,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: March 18, 2026**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction for possession of a controlled substance with intent to deliver, <u>affirmed</u>; order denying motion to suppress, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Randall Joseph Elder appeals from the district court's judgment of conviction for possession of a controlled substance with the intent to deliver. Elder argues the district court erred in denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer King conducted a registration check on a vehicle that was observed traveling on the roadway at 1:30 a.m. Officer King learned the vehicle was registered to Curtis Yarnell. The registration inquiry further revealed that Yarnell's driver's license was suspended. Officer King viewed a photograph of Yarnell, which depicted a white male in his thirties or forties with facial hair.

1

While stopped at a red light, Officer King pulled alongside the vehicle and observed the driver. The driver appeared to be a white male in his thirties or forties with facial hair, consistent with the photograph and description of Yarnell. Based on this observation, Officer King believed the driver was Yarnell and initiated a traffic stop to investigate whether the driver was operating the vehicle with a suspended license.

After Officer King approached the vehicle, the driver continued to match the general description of the registered owner. Officer King asked Elder if he was Yarnell, and Elder stated that he was not. Elder identified himself and provided his date of birth. Elder did not possess a driver's license, stated that he had not purchased one, and was unable to provide any form of photo identification. Elder told Officer King that the vehicle belonged to someone named "Drew."

Officer King smelled the odor of marijuana emanating from the vehicle and asked Elder to exit the vehicle. Officer King searched the vehicle and located a black backpack containing fentanyl pills, methamphetamine, marijuana, psilocybin mushrooms, and items of drug paraphernalia. Near the backpack, Officer King also located a ledger appearing to document transactions.

The State charged Elder with felony possession of a controlled substance with intent to deliver, two counts of misdemeanor possession of a controlled substance, possession of drug paraphernalia, and a sentencing enhancement. Elder filed a motion to suppress, arguing the traffic stop was not supported by reasonable suspicion because it was based on Officer King's mistaken belief that Elder was the vehicle's registered owner. The State opposed the motion, contending the stop was supported by reasonable suspicion that the driver was the registered owner with a suspended license.

The district court held a hearing on the motion to suppress at which Officer King testified. The court also considered the preliminary hearing transcript and exhibits, including prior booking photos of Yarnell and Elder. After supplemental briefing addressing *Kansas v. Glover*, 589 U.S. 376 (2020), and *State v. Simanton*, 171 Idaho 722, 525 P.3d 760 (Ct. App. 2022), the district court held a second hearing and denied the motion to suppress. The district court found Officer King's testimony credible and concluded Officer King's suspicion that the driver was the registered owner was reasonable under the circumstances, notwithstanding minor discrepancies in appearance. The district court concluded that Officer King had reasonable suspicion, based on the similarity in

appearance, to stop the vehicle. The district court also rejected Elder's argument that the Idaho Constitution provides greater protection than the United States Constitution in this context.

Pursuant to a plea agreement, Elder entered a conditional guilty plea to possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1), reserving the right to appeal the denial of his motion to suppress, and the State dismissed the remaining charges. Elder appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

## III.

## ANALYSIS

Elder contends the district court erred in denying his motion to suppress because Officer King lacked reasonable suspicion to initiate the traffic stop. Specifically, Elder argues that, based on a comparison of the photo of the driver and Officer King's view of Elder, it was unreasonable for Officer King to suspect that the driver of the vehicle was its registered owner. Alternatively, Elder urges this Court to interpret Article I, section 17 of the Idaho Constitution to provide greater protection than the Fourth Amendment in this context.

### A.    Reasonable Suspicion for the Traffic Stop

The Fourth Amendment to the United States Constitution and Article I, section 17 of the Idaho Constitution prohibit unreasonable searches and seizures. A traffic stop constitutes a seizure and must be supported by reasonable suspicion that the driver has committed, or is committing, a traffic violation or other criminal offense. *State v. Karst*, 170 Idaho 219, 223, 509 P.3d 1148, 1152

(2022). Reasonable suspicion requires less than probable cause but more than a mere hunch and is evaluated under the totality of the circumstances. *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009); *State v. Kelley*, 159 Idaho 417, 424, 361 P.3d 1280, 1287 (Ct. App. 2015).

Reasonable suspicion does not require a belief that any specific criminal activity is occurring to justify an investigative detention, instead, all that is required is a showing of objective and specific articulable facts giving reason to believe that the individual has been or is about to be involved in some criminal activity. *State v. Perez-Jungo*, 156 Idaho 609, 615, 329 P.3d 391, 397 (Ct. App. 2014). Officers are permitted to draw reasonable inferences from the facts considering their training and experience, and the existence of innocent explanations does not negate reasonable suspicion. *State v. Rader*, 135 Idaho 273, 276, 16 P.3d 949, 952 (Ct. App. 2000); *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). This standard allows room for some mistakes on the part of police officers, so long as the mistakes are those of reasonable persons. *State v. Horton*, 150 Idaho 300, 302, 246 P.3d 673, 675 (Ct. App. 2010).

The United States Supreme Court has expressly recognized that, absent information to the contrary, it is reasonable for an officer to infer that the driver of a vehicle is its registered owner. *Glover*, 589 U.S. at 383. This inference may dissipate if the officer becomes aware of facts that would make the inference unreasonable, but the possibility that the owner is not the driver does not, by itself, negate reasonable suspicion. *Id*. at 386. For example, if an officer knows that the registered owner of the vehicle is a male in his mid-sixties but observes that the driver is a female in her mid-twenties, then the totality of the circumstances would not "raise a suspicion that the particular individual being stopped is engaged in wrongdoing." *Id.* This Court subsequently adopted the rationale from *Glover* by determining that "it is reasonable to infer the registered owner of the vehicle is driving unless exculpatory information contradicts that assumption." *Simanton*, 171 Idaho at 725-26, 525 P.3d at 763-64.

The district court, recognizing that a prior booking photo showed a more significant distinction in appearance between Elder and Yarnell, stated:

> However, from the Court's perspective, I would note the following. People change their appearance. People shave, groom their beards or their facial hair. And at the time Officer King observes Mr. Elder in the driver's position in this vehicle, he does bear a resemblance to Mr. Yarnell in terms of age, roughly in terms of what the hair color that's visible looks like. There is facial hair. Mr. Elder is wearing a cap. He's seated. And so acting on this resemblance, Officer King decides to

4

conduct a traffic stop to ensure that the owner of this vehicle, who he's showing has a suspended license, was not operating this vehicle on the suspended license.

Thereafter, the district court concluded that Officer King's decision to stop Elder's vehicle was reasonable under the rationale of *Glover* and *Simanton* because the officer had "a reasonable inference" that the "vehicle was being operated in violation of Idaho law, that the registered owner who had a suspended license it appeared at the time was operating this vehicle."

Elder contends the district court's factual finding of similarity in appearance is clearly erroneous. Elder acknowledges that the similarities in appearance included white males of a similar age. However, he contends that Yarnell's shoulder-length beard was not akin to Elder's goatee. The difference between Yarnell's facial hair in a prior photograph and Officer King's view of Elder does not render the finding of sufficient similarity clearly erroneous.

Here, Officer King learned through a registration check that the vehicle was registered to an individual whose driver's license was suspended. Standing alone, that information permitted a reasonable inference that the driver was the registered owner and that the vehicle was being operated in violation of Idaho law. *Simanton*, 171 Idaho at 725, 525 P.3d at 763; *see also Glover*, 589 U.S. at 381. Officer King, however, did not rely solely on that inference. Before initiating the stop, he reviewed a photograph of the registered owner, who was "a white male in his 30s or 40s with facial hair." He then positioned his patrol vehicle alongside the subject vehicle at a red light to observe the driver, who was "a white male in his 30s or 40s" with "facial hair." Based on those observations, Officer King concluded the driver's appearance was consistent with that of the registered owner.

The district court acknowledged the differences in appearance, but also noted the photograph of the registered owner was taken at an unknown earlier time and that individuals commonly alter their appearance. The court found both men appeared to be white males of similar age with facial hair and concluded the resemblance was sufficient to support Officer King's reasonable suspicion underlying the traffic stop. Accordingly, under the totality of the circumstances, Officer King had reasonable suspicion, under *Glover* and *Simanton*, to believe the driver was operating the vehicle with a suspended license, justifying the initial traffic stop.

B.      Idaho Constitution

Elder alternatively argues that Article I, section 17 of the Idaho Constitution should be interpreted to provide greater protection than the Fourth Amendment by prohibiting traffic stops based on the inference that the driver is the registered owner. Specifically, Elder argues that the

Idaho Constitution should require officers to obtain a particularized suspicion that the driver is the registered owner. Idaho courts generally interpret Article I, section 17 in conformity with the Fourth Amendment unless the text of the state constitution, Idaho precedent, or the unique nature of the state clearly support a divergent analysis. *State v. Pulizzi*, 174 Idaho 733, 737, 559 P.3d 1220, 1224 (2024).

While Idaho courts have, in limited circumstances, afforded greater protections under the state constitution, those departures have been grounded in specific textual differences, historical considerations, or long-standing Idaho jurisprudence. *See*, *e.g.*, *State v. Guzman*, 122 Idaho 981, 842 P.2d 660 (1992). Elder has identified no such basis here. *Glover* did not alter the reasonable suspicion standard; it merely recognized a common-sense inference that officers may draw absent facts dispelling it. There is no persuasive reason to conclude that Article I, section 17 requires a different result, or provides a basis to depart from the Fourth Amendment.

## IV.

## CONCLUSION

Elder has failed to show the district court erred in denying his motion to suppress. Accordingly, the district court's judgment of conviction for possession of a controlled substance with the intent to deliver is affirmed.

Chief Judge TRIBE and Judge HUSKEY **CONCUR**.